[Civ. No. 2234.   First Appellate District.—November 12, 1917.]

## V. GAMBONI MAZITELLI, Respondent, v. DENNIS F. CRANE et al., Defendants; CHARLES L. SEARS et al., Appellants.

TRIAL—REFUSAL OF CONTINUANCE—DISCRETION NOT ABUSED.—The refusal to grant a continuance of the time of trial of an action is not an abuse of discretion, in the absence of any affidavit or other showing than that which was presented by the person applying for the continuance, who was not the attorney of record, and who merely made his statement in court asking for a continuance on the ground of the illness of the attorney of record in the case.

ID.—BRINGING ACTION TO TRIAL WITHIN FIVE YEARS — STATUTORY DUTY WHEN PERFORMED.—While it is the duty of the plaintiff, under section 583 of the Code of Civil Procedure, to bring the cause on for trial within five years after it is at issue, under penalty of having it dismissed for a failure to do so, he has fully performed his duty to the court when he has moved the case upon the calendar and caused it to be set for trial, and is in court and ready to proceed at the appointed time; and thereafter he is not in default if the case is not actually tried within the five years after issue joined.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying an application to vacate a judgment.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

M. H. Hernan, for Appellants.

H. M. Anthony, for Respondent.

THE COURT.—This is an appeal from the order denying the application of the defendants to set aside and vacate a judgment entered against them.   The application was made under the provisions of section 473 of the Code of Civil Procedure, and is based upon certain affidavits.   The application was denied, and the appeal is taken from the order of the court denying the application of the defendants for relief under that section.

The action was one to quiet title.   The complaint was filed on May 9, 1908, and the answer of the defendants was filed on the 14th of November of that year.   Some five years later the cause was upon the calendar of the superior court of the city and county of San Francisco, Department One.   When called an individual present, who was not the attorney of record in the case, arose and stated that Mr. Hernan, the attorney of record, was ill and unable to be present, and requested the trial of the case to be continued until a later day.   He stated that he was unacquainted with the facts of the case and could not take up the trial.   No affidavit for a continuance was filed.   The court denied the application and ordered that the trial proceed.   The cause was then tried in the absence of said defendants and their attorney, and a judgment rendered in favor of the plaintiff in the action.   This was in the month of December, 1914.   Several months thereafter the motion for relief from that judgment was made and denied.

The contention here is, first, that the court abused its discretion in the first place in denying the motion for a continuance; and the second point is made that it was the duty of the court of its own motion to dismiss the action, for the reason that the cause was not brought on for trial within five years after issue joined, and that the court abused its discretion in not dismissing the action.

In answer to the motion for relief under said section 473, affidavits were filed on behalf of the plaintiff in the action, to the effect that after the cause had come to an issue by the filing of the answer it had been set for trial upon plaintiff's motion at least three different times, and that upon each occasion the defendants had procured a continuance of the trial upon one ground or another; and it is urged that these facts were within the knowledge of the judge of said department of the court at the time the cause came on for trial on December 14, 1914, and influenced the court in refusing to grant a further continuance of the cause.

We think it must be obvious that there was no abuse of discretion in refusing to grant a continuance of the cause in the absence of any affidavit or other showing for a continuance than that which was presented by the person applying therefor, who was not the attorney of record, and who merely made his statement in court asking for a continuance on the ground of the illness of the attorney of record in the case.

As to the second contention above stated, it is the rule in this state that while it is the duty of the plaintiff, under section 583 of the Code of Civil Procedure, to bring the cause on for trial within five years after it is at issue, under penalty of having it dismissed for a failure to do so, the plaintiff has fully performed his duty to the court when he has moved the case upon the calendar and caused it to be set for trial, and is in court and ready to proceed to trial at the appointed time; and thereafter he is not in default if the case is not actually tried within the five years after issue joined. Section 583 of the Code of Civil Procedure and the cases cited by appellant have no application to cases which have been moved upon the calendar and set for trial at the plaintiff's instance, and have thereafter been continued upon such calendar for trial from time to time by the court upon the defendant's motion and over the plaintiff's objection to such continuances.

The order appealed from is affirmed.