[Civ. No. 2418. First Appellate District.—July 5, 1918.]

J. L. RAVN, Appellant, v. THEODORE PLANZ, Respondent.

DISMISSAL OF ACTION—FAILURE TO BRING TO TRIAL WITHIN FIVE YEARS —MANDATORY PROVISION.—The provision of section 583 of the Code of Civil Procedure as to the dismissal of actions not brought to trial within five years after the filing of the answer is mandatory, and the circumstance that the trial was postponed several times without plaintiff's consent, one of those occasions being a relatively short time before the date when the defendant would be entitled to require the court to dismiss the action, is a matter of no significance.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing an action. Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Brewster F. Ames, William A. Nunlist, and Frank J. Golden, for Appellant.

Dan Hadsell, and Hadsell, Sweet & Ingalls, for Respondent.

KERRIGAN, J.—This is an appeal from an order dismissing the action because not brought to trial within five years after the defendant filed his answer.

Section 583 of the Code of Civil Procedure provides that an action "shall be dismissed . . . on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended." This action was not brought to trial within the designated time, and it is not claimed that the parties entered into a stipulation in writing extending the time within which it might be tried. To save this case from the operation of the statute the plaintiff shows that on several occasions the trial of the action was postponed upon the motion of defendant, and that upon a date within about six months prior to the expiration of the five years after the case was at issue, it being then upon the calendar for trial, he appeared in court

with his counsel and witnesses ready to proceed, but upon motion of the defendant, and over his objection, a further postponement of the trial was granted. Later the case was again called for trial, when a motion to dismiss was made by the defendant and granted.

The provision of section 583 above set forth is mandatory. (*Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002]; *Larkin* v. *Superior Court,* 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841].) The circumstance, therefore, that the trial of the cause was postponed several times without plaintiff's consent, one of those occasions being a relatively short time before the date when the defendant would be entitled to require the court to dismiss the action, is a matter of no significance. Courts are, of course, loath to deny to a litigant a trial upon the merits; but the section of the Code of Civil Procedure above recited directs in plain terms that it shall be done when a case falls within the conditions stated; and the present is such a case. The trial court had no discretion. The motion being made, its duty was to dismiss. To relax the rule to cover hard cases would be to set at naught the express will of the legislature.

As to the suggestion of counsel for the plaintiff that to construe this statute as mandatory will result in extraordinary anomalies, it may be said that other statutes are subject to the same criticism; many of our statutes, whether relating to procedure or other matters, are not ideal, and often are but compromises, and sometimes work injustice. But in the present case it may be said that if the plaintiff, at the time of the last postponement of the trial, had called the court's attention to the consequence which would flow from it, he could readily have secured an earlier date for the trial, or possibly a stipulation from opposing counsel waiving the benefit of the statute. As to the hardships suggested by counsel in supposed cases, it is not necessary to consider them at this time. It is sufficient to decide the case presented.

In view of what has been said and of the rule laid down by the supreme court in the cases above referred to, it follows that the portion of the decision of this court in *Mazitelli* v. *Crane,* 35 Cal. App. 264, [169 Pac. 721], at variance with the conclusion here arrived at must be deemed overruled.

The order is affirmed.

Zook, J., *pro tem.,* and Beasly, J., *pro tem.,* concurred.