[S. F. No. 10651. In Bank.—October 31, 1923.]

MILLER & LUX INCORPORATED (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF MERCED et al., Respondents.

[S. F. No. 10652. In Bank.—October 31, 1923.]

MILLER & LUX INCORPORATED (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF MERCED et al., Respondents.

[S. F. No. 10653. In Bank.—October 31, 1923.]

LAS ANIMAS & SAN JOAQUIN LAND COMPANY IN-CORPORATED (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFOR-NIA, IN AND FOR THE COUNTY OF MERCED et al., Respondents.

[1] DISMISSAL—ACTIONS NOT BROUGHT TO TRIAL WITHIN FIVE YEARS —STIPULATION—EXTENT OF WAIVER.—A stipulation of the defendants extending the statutory period prescribed by section 583 of the Code of Civil Procedure for the dismissal of an action if not brought to trial after answer filed does not operate as a waiver for all future time of the right of defendants to a dismissal after the expiration of the extended period; nor do any of the written stipulations entered into within the five-year period continuing the trial from time to time within the statutory period have the effect of extending the time beyond the five-year period.

[2] ID.—STIPULATION EXTENDING STATUTORY TIME—CONSTRUCTION OF. A written stipulation expressly waiving the benefit of section 583 of the Code of Civil Procedure, or postponing the case to a time beyond the statutory period, has the effect of extending the statutory period to the date to which the trial is postponed.

[3] ID.—SECTION 583, CODE OF CIVIL PROCEDURE—INTENT.—The provision in section 583 of the Code of Civil Procedure that the statutory period prescribed thereby may be extended by the written stipulation of the parties was intended to preclude all disputes, with their attendant charges and countercharges of over-reaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the

statutory time was deliberately intended to be extended by both parties.

[4] ID.—ORDER OF TRIALS—INSISTENCE OF COUNSEL—STIPULATION.— If it be a "serious question" whether an oral stipulation in open court entered upon the minutes of the court in terms extending the five-year statutory period prescribed by section 583 of the Code of Civil Procedure and thereby expressly recognizing the fact of defendants' right to a dismissal and a waiver of such right would suffice to satisfy the requirements of the section, it cannot be said that the mere insistence of counsel for the defendants that another case precede the cases sought to be dismissed did satisfy the requirements of the section. Such an insistence falls far short of attaining the dignity of an oral stipulation in open court and does not come within the category of written stipulations.

[5] ID.—ORDER OF TRIALS—WRITTEN STIPULATIONS—EFFECT OF.—Written stipulations entered into in the five-year statutory period providing that the trial of one of the cases sought to be dismissed should be continued to definitely specified dates to follow another case did not have the effect of continuing the case sought to be dismissed indefinitely to follow said other case.

[6] ID.—MANDAMUS—WAIVER—FINDING.—In a proceeding in *mandamus* to compel a superior court to enter orders of dismissal of several actions because not brought to trial within five years after answers filed as prescribed by section 583 of the Code of Civil Procedure, the question first presented is one of law as to whether the facts pleaded and passed upon by the trial court constituted a sufficient ground for denying the motion to dismiss, it not being within the discretion of the trial court to arbitrarily determine what extraneous circumstances will excuse a compliance with the statute.

[7] ID.—READINESS OF PLAINTIFF TO PROCEED TO TRIAL—EFFECT OF.— The fact that plaintiffs were in court with witnesses ready to proceed to trial on a date agreed upon between the parties by written stipulation extending the five-year statutory period prescribed by section 583 of the Code of Civil Procedure did not operate to prevent a dismissal of the actions, where they not only did not call the trial court's attention to the fact that the statutory time for the trial of the cases would expire, but they also did not object to a postponement of the trial of the cases from the agreed date.

[8] ID.—MOTION TO AMEND CROSS-COMPLAINT—STIPULATIONS.—A motion to amend a cross-complaint has none of the *indicia* of a stipulation, and it is not sufficient that a motion be "in effect" a stipulation to extend the statutory period prescribed by section 583 of the Code of Civil Procedure.

PROCEEDING in Mandamus to compel the Superior Court of Merced County to enter orders of dismissal of actions. William M. Finch, Judge Presiding. Writ granted.

The facts are stated in the opinion of the court.

Edward F. Treadwell for Petitioners.

James F. Peck, George J. Hatfield and McWilliams & Hatfield for Respondents.

LENNON, J.—Application is made to this court for a writ of mandate directing the Superior Court, in and for the County of Merced, to dismiss three several actions, entitled James J. Stevinson, a Corporation, *v.* Las Animas and San Joaquin Land Company Incorporated, a Corporation, et al., No. 2102; James J. Stevinson, a Corporation, *v.* Miller & Lux Incorporated, a Corporation, et al., No. 2103, and East Side Canal & Irrigation Co., a Corporation, *v.* Miller & Lux Incorporated, a Corporation, et al., No. 2261. A dismissal is sought in each case, pursuant to the provisions of section 583 of the Code of Civil Procedure, upon the ground that the actions were not brought to trial within five years after the filing of answers.

Succinctly stated, the facts upon which petitioners base their application are these: The first two actions were commenced by the filing of complaints on the twenty-second day of August, 1905, and the third action on April 16, 1908. Answers of all the defendants were filed in the two former cases on February 16, 1907, and the answer of one of the defendants, who was the last to file his answer in the third case, was filed on October 13, 1909. The two former cases have, therefore, been at issue for over sixteen years and the third for over fourteen years without being brought to trial. The cases were, however, set for trial shortly after the filing of the several answers last above referred to and thereafter successive written stipulations were entered into between the parties continuing the trial of the cases from time to time. Among these stipulations were several made in 1907 and 1908, which, after continuing the trial of one of the cases sought to be dismissed to a definite date, further provided

that the trial of that case should "follow immediately after the trial of the case of Elizabeth Turner, Administratrix, etc., et al., *v.* East Side Canal & Irrigation Company, No. 2179." The latter case, hereinafter referred to as the "Turner case," had been commenced on the twenty-sixth day of September, 1906; had been tried and prosecuted to judgment, and after an appeal taken by both parties to this court the judgment was reversed in part and the case remanded for a new trial upon certain issues. In August, 1919, the last written stipulation was entered into, which continued the trials of all of the cases until March 24, 1920. On that date all of the parties appeared in court, and the plaintiffs, in the three cases now sought to be dismissed, were ready with witnesses to proceed to trial. There was on the calendar at that time for trial, in addition to these three cases, the Turner case, which was then ready for a second trial. The attorney for the plaintiff in the Turner case, who was attorney for the defendants in the three actions herein named, insisted at that time that the Turner case should first be tried, and during the course of the argument said that the other cases could and should follow the Turner case because of the fact that this was the second trial of that case. After a hearing of the matter of the setting the causes for trial, the court below made an order reciting that "after some argument in the matter of time of trial of said cause, [the four cases] it is upon stipulation of respective counsel ordered that time for trial of all cases be postponed to April 19, 1920, at 10 o'clock A. M." On April 19, 1920, the Turner case was continued to May 15, 1920, and an order was made in each of the three cases that they be placed on the calendar for July 6, 1920, to be set for trial. On that date, upon request of counsel for the defendants in the three cases, who was, as before noted, counsel for the plaintiff in the Turner case, the Turner case was set for trial for September 21, 1920, and the trial of the other three cases was set for September 28, 1920. On September 28, 1920, the trial of the Turner case was in progress, and because of this and the fact that counsel for the respective parties was the same in all of the cases, the trial of any one or all of the cases, save the Turner case, was at that time impracticable. However, no order was made on that date with regard to the trial of the three cases other than the

Turner case, nor was any stipulation then or thereafter entered into for the continuance of the trial of those three cases beyond the date last mentioned.   On the 14th of October, 1920, the attorney for the defendant in the three cases verbally notified the attorneys for the plaintiffs that he intended to move to dismiss the actions for want of prosecution.   On the following day the plaintiffs served on the defendants a notice of a motion to set the actions for trial. On October 19, 1920, the court of its own motion and without any stipulation ordered that the time of the trial be postponed to November 15, 1920.   On November 10, 1920, the defendants in the three cases gave notice of a motion to dismiss the actions.   This motion was denied by the court on the ground that the request of counsel for the defendants in the three cases to try the Turner case first, and the setting of the other cases on defendants' motion for September 28, 1920, "constituted, in effect, a continuance at the defendants' request," and that the failure to make an order of continuance on September 28, 1920, was immaterial, as the court was then engaged in the trial of the Turner case.

That portion of section 583 of the Code of Civil Procedure pertinent to the facts of the particular case is as follows: "Any action . . . shall be dismissed by the court . . . unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

The defendants rest their demand for a dismissal upon the plain provisions of the section last quoted and insist that, inasmuch as the last written stipulation only extended the time to March 24, 1920, and as the last consent or stipulation in open court only extended the time to September 28, 1920, the cases not having been brought to trial on that date, the lower court had no discretion but to grant the motion for a dismissal.

[1]   It is, of course, well settled that any stipulation of the defendants extending the statutory period did not operate as a waiver for all future time of the right of defendants to a dismissal after the expiration of the extended period. (*Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 Pac. 79].)   Neither did any of the written stipulations entered into within the five-year period continuing the trials from time to time within the statutory period have the effect of

extending the time beyond the five-year period. (*Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841]; *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616].) [2] A written stipulation, however, expressly waiving the benefit of the section, or postponing the case to a time beyond the statutory period, would have the effect of extending the statutory period to the date to which the trial was postponed. (*Larkin* v. *Superior Court, supra.*)

An examination of the cases construing section 583, *supra,* discloses that no case decided by this court has held that anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time. On the contrary, the cases uniformly hold that the provisions of section 583 are mandatory and that, in the absence of a written stipulation, any action not brought to trial within the statutory period must be dismissed. (*Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002]; *Larkin* v. *Superior Court, supra; Los Angeles* v. *Superior Court, supra; Boyd* v. *Southern Pac. R. Co.,* 185 Cal. 344 [197 Pac. 58]; *Rio Vista Min. Co.* v. *Superior Court, supra; Ravn* v. *Planz,* 37 Cal. App. 735 [174 Pac. 690]; *Andersen* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963].) Thus it has been held that the death of the attorney for the plaintiff, with the result that for over four years there was no acting attorney of record, or even the death of the plaintiff himself, cannot affect in any way the defendant's right to a dismissal of an action falling within the provisions of section 583. (*Larkin* v. *Superior Court, supra; Andersen* v. *Superior Court, supra.*) And while the actual trial of the case will retain in the court jurisdiction to enter judgment, a mere acquiescence by the defendant in plaintiff's motion to set a case for trial, as distinguished from an actual trial of the case, will not suffice. (*Rio Vista Min. Co.* v. *Superior Court, supra; Boyd* v. *Southern Pac. R. Co., supra.*) Nor will a provision in a written stipulation extending the time within which the action might be brought to trial that at least ninety days' notice of the time set for trial should be given by the moving party operate to extend the five-year period. (*Los Angeles* v. *Superior Court, supra.*) Indeed, in *Ravn* v. *Planz,* 37 Cal. App. 735 [174 Pac. 690], it was held that despite the

fact that plaintiff was present in court with witnesses ready
to proceed to trial on a date set prior to the expiration of
the five-year period and the case was thereupon postponed
at the request of the *defendant* and over the objection of the
plaintiff, nevertheless the provisions of section 583, being
mandatory, the trial court had no discretion but to grant
the motion to dismiss made by the defendant upon the
expiration of the five-year period. And the case of *Mazitelli*
v. *Crane,* 35 Cal. App. 264 [169 Pac. 721], which had at-
tempted to relax the rigor of the rule that a dismissal is
mandatory, upon the ground that the ''plaintiff had fully
performed his duty . . . when he caused it [the case] to
be set for trial and is in court ready to proceed to trial . . .''
was expressly overruled. (*Ravn* v. *Planz, supra.*)

The language of the code section under consideration is
simple and direct and expressly provides the means whereby
litigants may extend the statutory period. It is argued by
plaintiffs that despite the apparently plain import of the
language used, specifically providing that an action must
be dismissed unless the time for trial be extended by written
stipulation of the parties, nevertheless such time may be
otherwise extended—that is to say, by words and conduct
on the part of the defendants constituting a waiver of their
right to dismiss. And in this behalf it is insisted that the
request of the attorney for the defendants in the three
actions that the Turner case, in which he represented the
plaintiff, be tried prior to the three actions in which he
represented the defendants and his insistence that this case
precede the others was conduct sufficient to constitute such
an estoppel. While there is language in several of the cases
construing section 583 which seems to recognize the possi-
bility of a waiver by estoppel, it is to be noted that with-
out exception these cases hold that a written stipulation is
required. (*Rio Vista Min. Co.* v. *Superior Court, supra;
Los Angeles* v. *Superior Court, supra; Boyd* v. *Southern
Pac. R. Co., supra; Larkin* v. *Superior Court, supra; Ander-
sen* v. *Superior Court, supra.*)

The statute provides that the time for trial may be ex-
tended by *written stipulation.* It does not provide that it
may be extended by a written stipulation ''or its equiva-
lent.'' And in *Larkin* v. *Superior Court, supra,* it was said
that whether or not an oral stipulation in open court entered

upon the minutes of the court is the same as a written stipulation and would toll the running of the statute is a "serious question." Obviously, the primary purpose of this section is to prevent the unlimited postponement of trials. The statute, however, is not altogether arbitrary and inflexible, for it provides that the parties may extend the time by proceeding in a certain definite way.

[3] The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties.

[4] If it be a "serious question" whether an oral stipulation in open court entered upon the minutes of the court in terms extending the statutory period and thereby expressly recognizing the fact of defendant's right to a dismissal and a waiver of such right would suffice to satisfy the requirements of this section, surely it cannot be said that the mere insistence of the counsel for the defendants that the Turner case precede the other three actions did satisfy the requirements of the section. Such an insistence falls far short of attaining the dignity of an oral stipulation in open court and certainly does not come within the category of written stipulations. The waiver of defendants' right to dismiss and a consent to an indefinite continuance can only be *implied* or *inferred* from such conduct. To hold that this inferential consent is the same as a written stipulation would be to give to this section a strained construction, which, while it might relieve the harshness of the result in these particular cases, would be to render futile the salutary provisions of this section intended to secure preciseness of practice and procedure. The very harshness of the rule would seem to be intended to put the plaintiff on the *qui vive* to secure irrefutable evidence of the defendant's consent to an extension of the statutory time.

[5] It cannot be successfully maintained that the original stipulations, which provided that one of the cases should follow the Turner case, have the continuing effect claimed for them by the plaintiffs. These stipulations entered into in 1907 and 1908 provided that the trial should be continued

to definitely specified dates to follow the Turner case, and no suggestion is made that the case was continued indefinitely to follow the Turner case. Indeed, the conduct of the attorney for the plaintiffs in opposing the action of the attorney for the defendants when he sought to have the Turner case tried first necessarily shows that plaintiffs did not seriously consider the stipulations to have such effect.

[6]   One of the chief objections made by the plaintiffs to the issuance of a writ of mandate from this court directing the judge of the court below to enter an order of dismissal is that the question of waiver is a question of fact and that a finding by the lower court that defendants had waived their right to a dismissal is conclusive in this proceeding. The correct rule on this subject is laid down in *Andersen* v. *Superior Court*, 187 Cal. 95 [200 Pac. 963], as follows:

"The question to be first presented to this court under a *mandamus* proceeding would be one of law, as to whether the facts pleaded and passed upon by the trial court constituted a sufficient ground for denying the motion to dismiss. It cannot be claimed that it is a matter within the discretion of the trial court to arbitrarily determine what extraneous circumstances will excuse a compliance with the statute."

[7]   Plaintiffs also insist that by being present in court, ready to proceed to trial on March 24, 1920, the cases were "brought to trial" on that date. The situation in the instant case cannot be distinguished from the situation shown in the case of *Ravn* v. *Planz, supra*. In that case, also, the plaintiff was in court with witnesses ready to proceed to trial, but it was nevertheless held that the action having been postponed beyond the five-year period it was mandatory upon the court to order a dismissal.

It should be noted that in the *Ravn* v. *Planz* case the court suggested "if the plaintiff, at the time of the last postponement of the trial, had called the court's attention to the consequence which would flow from it, he could readily have secured an earlier date for the trial or possibly a stipulation from opposing counsel waiving the benefit of the statute." And in the case of *Boyd* v. *Southern Pac. R. Co., supra*, it was said, "the situation in this respect was not called to the court's attention when the plaintiff's motion to set the cause was heard, and it may well have been

that, if it had been, an earlier date would have been fixed. The responsibility for calling to the court's attention the necessity for an early date for trial was on the plaintiff, and since he did not do so, he must be taken to have acquiesced in the date set." So thus it would appear that all the *Ravn* v. *Planz* case decides is that even though a party litigant may be in court with his witnesses and ready for trial, and even though he object to a continuance, he must, in order to be relieved from any arbitrary action of the trial court, call the court's attention to the fact that the statutory time for the trial of the case is running against him.

Not only was that not done in the instant case, but it appears that the postponement of the trial of the cases from the date upon which they were set for trial, to wit, March 24, 1920, was had without objection from the plaintiffs. That this is so is made evident by the fact that the record shows an oral stipulation of all of the parties consenting to the continuance. Doubtless if objection had been made and the trial court's attention called to the fact that a further continuance would have the effect of putting the case beyond the bar of the statute, the trial court would have ordered that the cases proceed to trial or else have exacted a written stipulation from the defendants extending the time of the trial. It may be suggested that if counsel had desired to avoid the bar of the statute it would have been a very simple matter, after calling the court's attention to the situation, to have requested that one witness be sworn in the cases and then the hearing of the cases continued until a time which would be convenient for the court and the parties to the action.

In the situation presented by the record before us in the instant cases we are not called upon to determine whether a mere calling of the cases for trial on the day originally set for that purpose would be tantamount to bringing the cases to trial, nor need we decide what the rule should be in a situation where it was shown that within a reasonable time before the running of the statutory time plaintiff in good faith endeavored to have the cause brought to trial and was denied that right by the trial court in the face of the fact that the court's attention was called to the necessity for

an immediate trial of the case.    (*Boyd* v. *Southern Pac. R. Co., supra.*)

[8]  Finally, it is urged that the motion to amend the cross-complaint of the defendant filed in one of the cases was in effect a written stipulation to extend the statutory time.   Such a motion has none of the *indicia* of a stipulation, and, as before pointed out, it is not sufficient that a motion be ''in effect'' a stipulation.   Furthermore, it was held in *Larkin* v. *Superior Court, supra,* that the actual filing of a cross-complaint by the defendant in an action to quiet title, as is the nature of the action in the instant case, did not operate to extend the statutory period, but that the time commenced to run from the filing of the answer. It can scarcely be said, therefore, that a motion to amend a cross-complaint can so operate.

Let the writ issue as prayed for.

Waste, J., Kerrigan, J., Lawlor, J., Seawell, J., and Myers, J., concurred.

Rehearing denied.

All the Justices concurred.