[L. A. No. 11399. In Bank.—January 14, 1932.]

LEE HOLT, Plaintiff; H. G. HOLT, Appellant, v. CLINTON E. MILLER et al., Respondents.

J. A. Coleman for Appellant.

Marion P. Betty, Newby & Newby and Newby & Palmer for Respondents.

CURTIS, J.—Appeal from a judgment of dismissal for want of prosecution of the above-entitled action on the ground that said action had not been brought to trial within two years after the commencement thereof. The action was one for the foreclosure of a mechanic's lien and was commenced on September 14, 1926. On January 7, 1929, the court, upon motion of defendant, Howard G. Thompson, Inc., dismissed said action on the ground above stated. The portion of section 1190 of the Code of Civil Procedure material to this appeal reads as follows:

"No lien provided for in this chapter binds any property for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court

within that time to enforce the same; . . . and in case such proceedings be not prosecuted to trial within two years after the commencement thereof, the court may in its discretion dismiss the same for want of prosecution.'' ▮ Two years having intervened between the commencement of said action and the order dismissing the same, the trial court was empowered by said section of the code in its discretion to dismiss said action for want of prosecution. The order or judgment of dismissal was therefore valid unless the following additional facts take the case out of the statute and deprive the trial court of authority to make said order. These facts, briefly stated, are as follows: After the case was at issue, it was set for trial for December 5, 1927. On said day the plaintiff appeared ready for trial. No appearance was made by either of the defendants. After waiting a reasonable time for the defendants and neither of them appearing, the trial court proceeded to hear the case, and at the conclusion of said hearing entered judgment in favor of the plaintiff. Thereafter the defendants filed a notice of motion and served the same on the plaintiff for an order vacating and setting aside said judgment in favor of the plaintiff on the ground that the same had been entered in the absence of the defendants and their counsel, and that their absence from said trial was due to their mistake, inadvertence and excusable neglect. This motion was granted by the court apparently on the nineteenth day of December, 1927. No further steps appear to have been taken in said action until about a year thereafter when the defendants filed and served their notice of motion to dismiss said action for want of prosecution on the ground that said action had not been brought to trial within two years from the commencement of the same.

In his opening brief the plaintiff relies solely upon the case of *Mazitelli* v. *Crane,* 35 Cal. App. 264, 266 [169 Pac. 721], which, in construing section 583 of the Code of Civil Procedure, holds that, where a motion was made to dismiss an action under said section on the ground that it had not been brought to trial within five years after it was at issue, ''the plaintiff has fully performed his duty to the court when he has moved the case upon the calendar and caused it to be set for trial, and is in court and ready to proceed to

trial at the appointed time; and thereafter he is not in default if the case is not actually tried within the five years after issue 'joined''. That case, as pointed out by the respondents in their brief, has been expressly overruled by the more recent decisions of *Ravn* v. *Planz*, 37 Cal. App. 735 [174 Pac. 690], and *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006]. In the latter case this court expressed itself as follows: ''And the case of *Mazitelli* v. *Crane*, 35 Cal. App. 264 [169 Pac. 721], which had attempted to relax the rigor of the rule that a dismissal is mandatory, upon the ground that the 'plaintiff has fully performed his duty . . . when he caused it [the case] to be set for trial, and is in court and ready to proceed to trial . . . ' was expressly overruled. [*Ravn* v. *Planz*, *supra*.]'' These authorities fully refute the contention of appellant that the plaintiff had performed his full duty when he caused the case to be set for trial and was in court ready to proceed to trial. It is true that in those cases the order of dismissal was made mandatory under section 583 of the Code of Civil Procedure, while in the present action the court acted under section 1190 of the Code of Civil Procedure which provided that the court may in its discretion dismiss the action. But under these authorities the plaintiff did not prosecute the case to trial within the two-year period. ■ The court was, therefore, authorized in its discretion to dismiss the action. Whether it abused its discretion in ordering a dismissal depended upon all the facts and circumstances then before the court. It is admitted that almost a year elapsed after the first judgment was set aside before the defendant made its motion to dismiss, during which time plaintiff had taken no steps to bring the case on for trial. No attempt was made by the plaintiff on the hearing of said motion to dismiss to show the reason, if any existed, for this delay and inactivity on his part. Under these circumstances, we cannot say that the trial court abused its discretion in ordering the action dismissed.

■ There is no merit in the contention that defendant, Howard G. Thompson, Inc., was not entitled under the code section to move the dismissal of this action for the failure of the plaintiff to have the same brought to trial within said period of two years. It is claimed by plaintiff that Howard G. Thompson, Inc., had no interest in the real property

involved herein, and was simply the contractor, who under contract with the owner, Clinton E. Miller, constructed the buildings, and as such contractor purchased the materials upon which the claim of lien in this action was based. There is nothing in the record supporting this claim. On the contrary it may reasonably be inferred from the pleadings, including the contract for the construction of the buildings for which said materials were furnished and the claim of lien, which were attached to plaintiff's complaint and made parts thereof, that plaintiff's assignee was the contractor and constructed said buildings upon said real property for the said Howard G. Thompson, Inc., who was either the legal or equitable owner of said real property. In either case Howard G. Thompson, Inc., had such an interest in said real property as would entitle it to move the dismissal of said action for the purpose of clearing the title to said real property of the cloud thereon resulting from the filing of said lien of record and the institution of said foreclosure suit.

The judgment is affirmed.

Preston, J., Langdon, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.