[Civ. No. 13461.   Second Dist., Div. Three.   Aug. 13, 1942.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. MOORE AND HARRAH (a Copartnership) et al., Defendants; JOHN HARRAH, Respondent.

38

Louis Ferrari, Edmund Nelson and John E. Walter for Appellant.

Harold B. Pool for Respondent.

SCHAUER, P. J.—The complaint in this action was filed on September 24, 1935; on September 18, 1941, on motion of defendants the action was dismissed on the ground that it had not been brought to trial within five years as required by section 583 of the Code of Civil Procedure. Plaintiff appeals from the dismissal order and judgment as to the defendant Harrah and urges three grounds for reversal: (1) That this case is exempted from the operation of section 583 of the Code of Civil Procedure because it was once on the court's trial calendar within the five-year period and was put off calendar on motion of the defendant Harrah; (2) that defendant waived his right to a dismissal by his motion to place the case off calendar; (3) that section 583 of the Code of Civil Procedure is a statute of limitations and its operation was suspended by subdivision f of section 11 of the United States

Bankruptcy Act (Sec. 29, Title 11, U. S. C. A.) upon the filing of a petition in bankruptcy by defendant Harrah. We find none of plaintiff's points tenable but, after a necessary resume of facts, discuss them in the order in which they are presented.

## Chronology of Material Facts

Complaint filed .....................September 24, 1935
Answer filed ..........................October 9, 1935
Memo for Setting for Trial filed by
   Plaintiff . . ........................January 20, 1937
Petition in bankruptcy filed by Defen-
   dant Harrah .........................April 13, 1937
Adjudication of bankruptcy of Defen-
   dant Harrah .........................April 13, 1937
Trial set for May 5, 1937, on...............April 26, 1937
Case ordered off calendar by minute
   order of ...............................May 6, 1937
   reading "This case is ordered off
   calendar."
   [Note: the record is silent as to any
   event on May 5, 1937; it is not, how-
   ever, contended that trial was entered
   upon.]
Notice of trial (set for September 18,
   1941) served and filed by Plaintiff........July 24, 1941
Notice of motion to dismiss for lack of
   prosecution (Code Civ. Proc., sec.
   583), with memorandum of points and
   authorities, and affidavit, filed by De-
   fendants . . ......................September 12, 1941
Affidavit opposing above motion served
   by Plaintiff .......................September 18, 1941
Minute order granting motion to dismiss,
   made . . ........·................September 18, 1941.

The pertinent statutory provisions are as follows:

Section 583 of the Code of Civil Procedure: ". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . ."

Section 29, Title 11, of the United States Code Annotated: "a. A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until the question of his discharge is determined by the court after a hearing, or by the bankrupt's filing a waiver of, or having lost, his right to a discharge. . . .

"f. The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge; or (2) if he has waived or lost his right to a discharge, then until the expiration of thirty days after the filing of such waiver or loss of such right . . .; or (3) until thirty days after the dismissal of the bankruptcy proceedings, whichever may first occur."

In opposition to defendants' motion to dismiss, one of plaintiff's counsel filed an affidavit in which it is averred that the action had been set for trial on May 6, 1937 (rather than May 5 as indicated by the copy of the court record) and "That on May 6, 1937, affiant appeared . . . with the necessary witnesses ready for the trial in said action. At that time, John Harrah appeared and moved the court to place said trial off calendar on the ground that he had filed a petition in bankruptcy, . . . in the local United States District Court on April 13, 1937, and that he should be given time within which to procure discharge to enterpose as a defense. That thereupon and by reason of said defendant's motion, the trial of said action was placed off calendar.

"That this affiant is informed and believes that on February 15, 1938, John Harrah filed his application for a discharge in bankruptcy covering the debts listed in his schedule, which included the debt sued on in this action. That thereafter various objections to the discharge of John Harrah were filed and a hearing of said objections was held on May 2, 1938, and for some days thereafter. . . . Thereafter on or about August 11, 1939, said Referee . . . rendered a decision and reported to the District Court that he sustained the objections to the application of John Harrah for a discharge in bankruptcy.

"This affiant . . . is advised that the United States District Court has never made any order either granting or denying the application for discharge of John Harrah. . . .

"That this affiant believes that under the Federal Bankruptcy Act all statutes of limitation, including the right of dismissal under section 583 C. C. P., has been stayed against the claim sued on in this action and that the five-year period prescribed by section 583 C. C. P. has not yet expired. . . ."

We note that under the provisions of the Bankruptcy Act (subdivision "a" of section 29, Title 11, of the United States Code Annotated) plaintiff's action herein is of a type which could have been stayed until the question of the bankrupt's right to a discharge had been determined, but we also observe that it is not claimed that the action was in fact stayed for any period whatsoever. The automatic or mandatory stay "until an adjudication or the dismissal of the petition" is inconsequential since the adjudication here was approximately simultaneous with the filing of the petition. The action of the trial court, therefore, in putting the case off its trial calendar was purely discretionary and the case could have been reset and placed on trial at any time.

Plaintiff now urges that such action of the trial court in placing the case off its trial calendar brings the matter within the purview of such cases as *Christin* v. *Superior Court,* (1937) 9 Cal. (2d) 526 [71 P. (2d) 205, 112 A. L. R. 1153], wherein it is stated, at page 530, that "despite the mandatory language of the statute, *implied exceptions* have been recognized where it was *not possible* to bring the cause to trial." The obvious weakness in plaintiff's position is that the record does not show that plaintiff *could not* have brought the action to trial within the five-year period. Upon the showing made on defendants' motion to dismiss, the trial court must have concluded that this was not a case where plaintiff had been precluded by means beyond its control from bringing the case to trial but rather that plaintiff had deliberately chosen not to make any effort to bring on the hearing as to either defendant pending some development as to the likelihood of defendant Harrah's receiving or being denied a discharge. Furthermore the fact that over two years was allowed to elapse after the rendition of the referee's report (August 11, 1939) sustaining objections to Harrah's application for a discharge, before the case was brought up for trial (September 18, 1941) is not at all consistent with a diligent effort on

plaintiff's part to expedite the trial, and, finally, the fact that plaintiff apparently was able to have the case placed on the trial calendar for September 18, 1941, *without any showing whatsoever of any change in its status* from that which existed on May 6, 1937, when it went off calendar, suggests a further basis for conclusion by the trial court that plaintiff was not precluded by means beyond its control from bringing the case to trial at any time during a period of more than five years prior to September 18, 1941. There is no showing that plaintiff resisted defendants' motion to put the case off calendar or that it ever sought to have the trial reset for a date earlier than September 18, 1941. There is no occasion for us to devote space to an analysis of the cases cited by plaintiff in support of its first proposition; none of those cases is at all persuasive when applied to the above-recited factual situation. The fact that the case was on the calendar for trial on May 5 or 6, 1937, and that plaintiff appeared on that day by its counsel with witnesses ready to proceed and that the trial was postponed on defendant Harrah's motion did not interrupt the operation of section 583. (*Ravn* v. *Planz*, (1918) 37 Cal. App. 735, 736 [174 Pac. 690] ; *Cruse* v. *Superior Court*, (1929) 102 Cal. App. 290, 294 [283 Pac. 73] ; *Miller & Lux, Inc.*, v. *Superior Court*, (1923) 192 Cal. 333, 341 [219 Pac. 1006] ; *Holt* v. *Miller*, (1932) 214 Cal. 558, 561 [6 P. (2d) 937, 79 A. L. R. 844].) The case of *Mazitelli* v. *Crane*, (1917) 35 Cal. App. 264 [169 Pac. 721], in which a contrary rule had been declared, was expressly overruled by the decisions above cited.

As its second proposition plaintiff invokes the doctrine of equitable estoppel to preclude defendant Harrah from seeking dismissal of the action the trial of which was delayed on his own motion. The argument is ingenious but to support it we should have to join plaintiff's able counsel in skipping over the lack of certain factual elements essential to its foundation, and, further, we should have to judicially write into section 583 of the Code of Civil Procedure provisions which the Legislature did not put there. The doctrine of equitable estoppel is recognized by statute in this state by the declaration in subdivision 3 of section 1962 of the Code of Civil Procedure, that "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

It does not appear to us that a mere motion to place a case "off calendar on the ground that he [defendant] had filed a petition in bankruptcy . . . and that he *should* be given time within which to procure a discharge to enterpose as a defense" can be construed as constituting either a factual basis for operation of the equitable principles above quoted or as the equivalent of a *stipulation in writing* (required by section 583 of the Code of Civil Procedure) that the time might be extended.

The statute has the very salutary purpose of expediting trials. Its language is clear and definite and the integrity of its meaning has generally been upheld by the courts in a plenitude of decisions. In the several legislative amendments to which it has been subjected the Legislature has not seen fit to temper the rigor of the language or its forthright construction and support by the courts; the tendency, rather, has been to extend and make more certain its operation. With respect to the invoked doctrine of estoppel we observe that the Supreme Court in *Miller & Lux, Inc.,* v. *Superior Court,* (1923) *supra,* 192 Cal. 333 [219 Pac. 1006], at 339, said "While there is language in several of the cases construing section 583 which seems to recognize the possibility of a waiver by estoppel, it is to be noted that without exception these cases hold that a written stipulation is required. . . . The statute provides that the time for trial may be extended by *written stipulation.* It does not provide that it may be extended by a written stipulation 'or its equivalent.' " Regardless of the propriety or impropriety of the alternative holding in the later case of *Govea* v. *Superior Court,* (1938) 26 Cal. App. (2d) 27 [78 P. (2d) 433] (which perhaps could be supported solely on the ground that a stipulation entered in the minutes of the court is a stipulation in writing [see *Cox* v. *Tyrone Power, etc., Inc.,* (1942) 49 Cal. App. (2d) 383, 393 [121 P. (2d) 829]]), with respect to a stipulation stated orally in open court and entered in the minutes "that if such a stipulation . . . does not literally comply with the language of section 583, *supra,* it does estop the petitioner from thereafter making a motion to dismiss the cause for want of prosecution under said section; that a party to an action cannot be allowed in such manner to play fast and loose with the court," we have no such factual situation here and are not disposed to judicially add any new exceptions to the single one stated by the statute. We are in accord with the prin-

ciple, which we find pertinent here, as it is stated in *Christin* v. *Superior Court*, (1937) *supra,* 9 Cal. (2d) 526, 529 [71 P. (2d) 205, 112 A. L. R. 1153], that "estoppel resulting from such conduct does not appear to be a proper ground for creating an exception to the terms of the statute." To the same effect see, also, *Elmhurst Packers* v. *Superior Court*, (1941) 46 Cal. App. (2d) 648, 650 [116 P. (2d) 487].

■ Plaintiff's last contention is that section 583 of the Code of Civil Procedure is a statute of limitations and that its operation was suspended, on filing of the petition in bankruptcy, by the provisions of subdivision "f" of section 29, Title 11, of the United States Code Annotated, hereinabove quoted. In support of its contention as to the character of section 583 plaintiff quotes from *Andersen* v. *Superior Court*, (1921) 187 Cal. 95 [200 Pac. 963], in which, at page 101, apropos of the proposition that "where a cause of action arises in the lifetime of a person entitled to sue, his death does not interrupt the running of the statute of limitations in the absence of some statutory provision to the contrary," the court said, "No reason is suggested, and we can think of none, why this rule should not extend in like manner to this provision of section 583. It is in effect a statute of limitation upon the time for bringing a cause to trial." We are unable to agree with plaintiff in its view that the language of subdivision "f" of section 29, Title 11, of the United States Code Annotated, "The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended," etc., is applicable to the operation of section 583. A limitation upon the time within which an action pending in a state court must be brought to trial therein, is not in our opinion a statute of limitation "affecting the debts of a bankrupt provable under" Title 11 of the United States Code Annotated. Congress in enacting section 11 of the Bankruptcy Act (Sec. 29, Title 11, U. S. C. A.) apparently had in mind the preservation of a distinction, to be operative on the filing of any petition in bankruptcy, between *provable debts* as such, which might, but had not yet, become the subject of state court actions, and *pending suits*. The provisions as to provable debts are set forth in subdivision "f." In subdivision "a," we find different provisions expressly applicable to pending actions: "A suit which is founded upon a claim from which a discharge would be a release, *and which is pending* against a person

at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until the question of his discharge is determined. . . ." Certainly if the United States District Court, in which the bankruptcy proceeding was pending, had exercised the power contemplated by subdivision "a" of section 29 by actually staying the trial of the action in the state court, then we should have had a case in which the entire duration of the stay would have been excluded in computing the five-year period fixed by section 583 of the Code of Civil Procedure for the state court trial. During such stay it would not have been possible for plaintiff to have brought the action to trial and the case would be clearly within the doctrine recognized by *Christin* v. *Superior Court*, (1937) *supra*, 9 Cal. (2d) 526 [71 P. (2d) 205, 112 A. L. R. 1153], and all other relevant decisions. But there was no such stay and we perceive no tenable reason for applying subdivision "f" of section 29, Title 11, of the United States Code Annotated to the operation of the state law regulating trials in state courts. If subdivision "f" has any significance here it would seem to us to strengthen rather than weaken our conclusion. Since by it the operation of all statutes of limitation as to the initiation of actions on provable claims is interrupted, there appears no good reason why actions already pending should not be either tried promptly, or dismissed. It should be desirable in the administration of the bankrupt's estate to have pending actions in state courts, which may affect the federal administration, promptly determined, whether by final judgment or dismissal. If the plaintiff therein recovers judgment he certainly is not prejudiced by obtaining it promptly and if he fails to bring his action to trial and suffers a dismissal the detriment thereof is minimized through the fact that the statute limiting the time for filing a new action is being suspended by subdivision "f" above quoted.

Upon the record we find no basis for holding that the trial court erred or abused its discretion. The judgment and order appealed from are affirmed.

Shinn, J., and Shaw, J. pro tem., concurred.