[Civ. No. 8145.  Third Dist.  Aug. 25, 1952.]

TRIMBLE DE ROODE, Individually and as Executor, etc.,
Appellant, v. THE COUNTY OF PLACER, Respondent.

Albert L. Johnson for Appellant.

A. B. Broyer, District Attorney, for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from an order
dismissing an action for failure to bring it to trial within
five years.

The record shows that on March 6, 1946, plaintiff and
appellant filed a complaint in Nevada County against the
county of Placer to recover damages alleged to have been
caused to a tunnel and water supply by the removal of
bedrock.

On April 13, 1946, the county of Placer filed a demurrer
and a notice of motion for change of place of trial from
the county of Nevada to the county of Placer.  On April
19, 1946, the motion for change of place of trial was granted.
On June 26, 1946, plaintiff filed his first amended com-

plaint for same relief. On July 6, 1946, the county demurred to the amended complaint. On September 18, 1946, the demurrer to the first amended complaint was sustained and 10 days granted to amend. On November 8, 1946, plaintiff filed his second amended complaint for the same relief. On November 18, 1946, the county again demurred to the second amended complaint and also gave notice of a motion to strike portions of the second amended complaint. On April 2, 1947, the court again sustained the demurrer and granted plaintiff "15 days, after notice, within which to file an amended complaint." On February 24, 1951, nearly four years after the demurrer was sustained to the second amended complaint, plaintiff, by his present attorney, filed a third amended complaint. On March 6, 1951, the county demurred to the third amended complaint, gave notice of motion to strike and to dismiss the action for failure to prosecute. On August 7, 1951, the motion to dismiss was granted, and this appeal followed.

The portion of section 583 of the Code of Civil Procedure applicable to the instant appeal reads as follows:

". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period."

The record shows that the action was not brought to trial within the five-year period, and it is not contended that there was any stipulation extending time.

Appellant argues that "the five year period prescribed by Code of Civil Procedure, section 583, begins to date from the filing of the last answer or pleading," but the decisions cited by appellant deal with the section as it read prior to the 1933 amendment. Prior to that amendment the five years began with the date of the filing of the last answer rather than with the date of the filing of the action.

Appellant contends also that the five-year period was suspended by the order sustaining the demurrer to the second amended complaint, which order states that plaintiff is "allowed fifteen days after notice within which to amend the Second Amended Complaint." That order was made May 6, 1947, and appellant argues that since he was given no notice of the order, and did not file his third amended complaint until February 24, 1951, nearly four years after the order was made, that the nearly four years should be deducted from the five-year period, and that the trial court should have exercised its discretion to deny the motions to dismiss.

The difficulty with appellant's argument is that it overlooks the obvious purpose of the 1933 amendment which was to expedite the disposition of litigation and to do away with the long delays that had been caused by the former language which gave a plaintiff five years from the date of the last answer in which to bring an action to trial. The instant case shows the wisdom of the 1933 amendment. Here the record shows that the demurrer to appellant's second amended complaint was sustained on April 2, 1947, and yet appellant waited nearly four years before he filed his third amended complaint. Appellant knew he had filed his original complaint on April 13, 1946, and he knew that a demurrer to his second amended complaint was filed on November 18, 1946, and he knew what the statute provided. The portion of said section 583 here involved would be of little effect if a mandatory dismissal were not required in the instant case.

We need refer to only a few of the many authorities that could be cited.

In *Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120, the court said at page 124 [47 P.2d 716]:

"Respondents advance the further argument that by stipulation of the parties, an amended complaint was filed March 16, 1933, which extended the time of mandatory dismissal to five years after its filing. The case of *Mercantile Investment Co.* v. *Superior Court*, 218 Cal. 770 [25 P.2d 12], is cited in this connection. That case arose under the former statute, the period dating from the filing of the defendant's answer. The plaintiff filed an amended complaint, and it was stipulated that the answers already on file should be deemed answers to the amended complaint. We held that the period began to run on that date, which was considered to be the date of defendants' last answers. This interpretation of the

old statute, making the period run from the last *pleading* of the defendant, was permissible under the language of the section, namely, 'within five years after the defendant has filed his *answer.*' But the present law reads: 'within five years after the plaintiff has filed his *action.*' The action is commenced when the complaint is filed. (Code Civ. Proc., secs. 350, 405.) To sustain respondents' view, we should have to restate the section so as to substitute for the word 'action' the words 'last amended complaint.' This would not be a construction of the statute, but a revision thereof, in direct conflict with its present meaning. Whatever may be the considerations of policy, in its legal effect the new statute cannot be held to mean what respondents urge in this connection. If it is desired to prolong the period in which the action must be brought to trial, it is necessary to stipulate to that effect, and we cannot hold that the filing of the amended complaint is a substitute for such a stipulation.''

In *Douglas* v. *Superior Court*, 94 Cal.App.2d 395, the court said at page 398 [210 P.2d 853] :

''. . . It is settled that the statutory period commences to run from the filing of the original complaint and not from the filing of any subsequent amended complaint. (*Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120, 124 [47 P.2d 716] ; *Smith* v. *Wiget*, 75 Cal.App.2d 591, 593 [171 P.2d 563].) The filing of an amended or supplemental complaint does not have the effect of extending the time of mandatory dismissal to five years after its filing. (*Rosefield Packing Co.* v. *Superior Court, supra,* 4 Cal.2d 120, 124, 125.) The holdings in these cases with respect to the effect of the filing of an amended or supplemental complaint are equally applicable to the filing of an amended or supplemental cross-complaint; it does not have the effect of extending the time of mandatory dismissal to five years after its filing. The law says that the action shall be dismissed 'unless such action [the action on the cross-complaint] is brought to trial within five years after the plaintiff [cross-complainant] has filed his action.' The action on the cross-complaint is commenced when the cross-complaint is filed. To sustain respondent's view we would have to recast the section so as to substitute for the word 'action' the words 'last amended complaint [cross-complaint],' or 'last supplemental complaint [cross-complaint].' We may not so revise the statute. If the statutory period could be extended by the filing of an amended or supplemental cross-complaint a party could keep an action alive indefinitely.''

(See, also, *Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389 [217 P.2d 968].)

From the foregoing authorities it is clear that the provisions of section 583 required the dismissal of the instant action.

The judgment of dismissal is affirmed.

Adams, P. J., and Peek, J., concurred.