LEONA ETHEL LEGG, Appellant, v. UNITED BENEFIT LIFE INSURANCE COMPANY, Respondent.

Leona Ethel Legg, in pro. per., for Appellant.

J. Edward Haley for Respondent.

FOX, J.—Plaintiff appeals from a judgment of dismissal on the ground that she did not bring her case to trial within three years after the filing of the remittitur following the reversal of a prior judgment. She also appeals from the order denying her motion to vacate the said judgment.   The action of the trial court was based on that portion of section 583, Code of Civil Procedure, which reads as follows:

"When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action *must* be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court."   (Italics added.)

We have reached the conclusion that the decision of the trial court is correct.

Plaintiff filed this action on March 5, 1948. She sought to recover indemnity under a health and accident policy for injuries suffered by her in an accident which occurred on February 6, 1947, while she was attempting to board a streetcar. The case was tried before a jury resulting in a verdict for defendant. On appeal to this court, the judgment was reversed. (See *Legg* v. *United Benefit Life Ins. Co.*, 103 Cal.App.2d 228 [229 P.2d 454].) The remittitur was filed with the clerk of the court below on June 5, 1951. Between this date and May, 1954, plaintiff filed amended and supplemental complaints, issue being joined on the sixth such pleading. During this latter month plaintiff gave notice of a motion for an early setting based on the ground that unless the trial was commenced prior to June 5, 1954, the case was likely to be dismissed for failure to bring it to trial within three years from the date the remittitur was filed. The motion for early setting was heard in Department 1 on May 28th, just five court days before the expiration of the statutory period. The motion was granted and the case was set for trial on September 8, 1954, the court stating, according to plaintiff's brief, that "in view of the crowded condition of the court calendar" this was "the earliest possible date available." On the latter date the case was continued to September 10th due to congestion of the calendar. Upon the matter being transferred to Judge Moroney, defendant made its motion to dismiss on the ground that the case had not been brought to trial within three years after the filing of the remittitur as required by section 583, Code of Civil Procedure. The court granted the motion. It is from the ensuing judgment that plaintiff appeals.

█ It is of course established that the cause was not brought to trial within three years after the remittitur was filed. In dealing with the dismissal of an action for want of prosecution, section 583 makes dismissal discretionary where the plaintiff has failed for two years after the action is filed to bring it to trial. However, such period as the defendant was absent from the state or concealed therein under the circumstances enumerated in the statute is not a part of said two-year period. The mandatory provision of the section relative to dismissal where the action is not brought to trial within five years nevertheless contains exceptions where the parties have filed a stipulation in writing that the time may be extended, the defendant was absent from the state, or concealed therein under the specified circumstances. When a

case has progressed to the point where it has been tried and a new trial granted and no appeal taken, the statute provides it shall be dismissed unless brought to trial in three years, except when the parties have filed a stipulation that the time may be extended. But when a case has reached the point where it has not only been tried but an appeal has been taken and the judgment reversed, the code section provides that the action *must* be dismissed unless brought to trial within three years after the remittitur is filed. It will be noted that the portion of section 583 which is here applicable does not incorporate any of the exceptions found in the earlier portions of the section excusing delay in bringing an action to trial. The language used in the last sentence of section 583 is mandatory—the action *must* be dismissed—and there are no exceptions. As pointed out in *Neustadt* v. *Skernswell,* 99 Cal.App.2d 293, 295 [221 P.2d 694], the language used "is clear and unambiguous and hence is not open to 'judicial interpretation.' " Actually the case last cited, a hearing having been denied, is decisive of the issue here presented. (See also *Cameron* v. *Cameron,* 110 Cal.App.2d 258, 260 [242 P.2d 408] ; *Shutes* v. *Cheney,* 123 Cal.App.2d 256, 263 [266 P.2d 902].)

Plaintiff takes the position that only her original complaint and her first amended complaint come within the three-year limitation of section 583 and that her amended and supplemental complaints filed after the reversal of the judgment are governed by the five-year limitation relative to a dismissal if the case initially is not brought to trial in that period. This is obviously not sound. Plaintiff's basic cause of action, regardless of subsequent amendments and supplemental allegations, was her right to recover on the health and accident policy by reason of injuries assertedly received by her while attempting to board a streetcar. There having been a trial, an appeal, and reversal of the judgment, the code section says in plain language that in such a situation the case must be dismissed unless brought to trial in three years after the remittitur is filed. (*Neustadt* v. *Skernswell, supra.*) The time cannot be extended by filing additional pleadings. (*DeRoode* v. *County of Placer,* 112 Cal.App.2d 859, 861 [247 P.2d 390] ; *Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120, 124-125 [47 P.2d 716].) If the period could be extended by filing amended or supplemental pleadings a party could keep the action alive indefinitely, thereby completely nullifying the purpose of the statute which is to prevent unavoidable delay for too long a period of time. (*De-*

*Mota* v. *Superior Court,* 130 Cal.App.2d 58, 62 [278 P.2d 537]; *DeRoode* v. *County of Placer, supra.*)

In an effort to escape the effect of section 583, plaintiff argues that the hearings and decisions on the demurrers filed to her fourth, fifth and sixth amended and supplemental complaints constituted a trial. None of these rulings resulted in a final determination of the action for defendant filed an answer to plaintiff's sixth amended and supplemental complaint and it was the issues as thus formed that were ready for trial. ■ The rule is established that "the hearing of a demurrer is not a trial, within the meaning of section 583, unless the ruling on the demurrer is a final determination of the rights of the parties." (*Anderson* v. *City of San Diego,* 118 Cal.App.2d 726, 731 [258 P.2d 842]; *Berri* v. *Superior Court,* 43 Cal.2d 856, 858 [279 P.2d 8].)

Relying on *Mazitelli* v. *Crane,* 35 Cal.App. 264 [169 P. 721]; plaintiff takes the position that since she asked for a trial within the time prescribed by section 583 she has performed her duty and is not in default even though the case is not actually brought to trial within the required time and consequently it may not be dismissed because of such delay. The Mazitelli case, however, has been overruled. (*Miller & Lux* v. *Superior Court,* 192 Cal. 333, 339 [219 P. 1006]; *Holt* v. *Miller,* 214 Cal. 558 [6 P.2d 937, 79 A.L.R. 844].) In the latter decision the court pointed out, at page 561, that the authorities refute the proposition that the plaintiff has fully performed his duty when he caused the case to be set for trial and was in court ready to proceed. The statute is clear and specific in requiring the case to be "brought to trial"—not merely set for trial—within the three-year period after the remittitur is filed, and it does not contain any exceptions.

In view of the language in section 583 that applies to this particular situation, and the decision in *Neustadt* v. *Skernswell, supra,* the trial court was correct in dismissing the action.

The judgment and order are affirmed.

McComb, Acting P. J., and Ashburn, J. pro tem.,*, concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 28, 1955. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.