Filed 6/30/15

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ROSA ELENA MUNOZ, a Minor, etc., | C075955 |
| Plaintiff and Appellant, | (Super. Ct. No. 39200800198928CUPOSTK) |
| v. | |
| CITY OF TRACY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Linda L. Lofthus, Judge. Reversed.

Southwest Legal Group, Anthony R. Lopez and Daniel D. Castillo for Plaintiff and Appellant.

Arata, Swingle, Sodhi & Van Edmond, Bradley J. Swingle and Ameet S. Birring for Defendant and Respondent.

Plaintiff Rosa Elena Munoz appeals from a judgment dismissing her personal injury action against the City of Tracy (City) for failure to bring the action to trial within five years, as required by Code of Civil Procedure section 583.310 et seq. (Code Civ.

1

Proc., § 583.310.)[1]  She contends the trial court erred in dismissing her case because the parties had executed a written stipulation extending the time for trial to a date certain beyond the five-year deadline.  We agree and reverse.

## BACKGROUND

On December 3, 2008, Munoz, a minor at the time, filed a complaint for negligence and premises liability against the City.  The complaint alleged that Munoz was injured by a falling tree branch while playing at a City park.

On March 8, 2012, the parties participated in nonbinding arbitration.  The arbitrator entered an award in favor of the City.  On March 19, 2012, Munoz filed a request for trial de novo, which was granted.

On December 13, 2012, the trial court denied the City's motion for summary judgment.  Trial was set for January 14, 2013.

On January 8, 2013, the parties entered into a written stipulation to continue the trial from January 14, 2013, to October 28, 2013.

On October 8, 2013, Munoz gave notice of an ex parte application to continue the trial to an alternative date between March and June 2014.  The application explained that a new attorney, Benjamin Swanson, would be trying the case for Munoz, and Swanson's calendar was such that he could not be available for trial until March 2014, at the earliest. The application, which was never heard, did not reference the five-year deadline for bringing the case to trial, which was due to expire on December 3, 2013.

On October 14, 2013, the parties entered into a second written stipulation to continue the trial.  The stipulation states:  "ALL PARTIES HEREBY STIPULATE, by and through their respective attorneys of record, that the Trial Date, currently set for

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

2

October 28, 2013, be vacated and continued to June 16, 2014." The stipulation does not reference section 583.310, or the five-year deadline for bringing the case to trial.

On January 6, 2014, more than five months before the stipulated trial date, the City filed a motion to dismiss pursuant to sections 583.310 and 583.360. Munoz opposed the motion, emphasizing the stipulation to continue the trial to June 16, 2014.

The City's motion to dismiss was heard on February 6, 2014. In anticipation of the hearing, the trial court issued a tentative ruling granting the City's motion. Relying on *Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262 (*Sanchez*), the trial court tentatively concluded that a stipulation extending the five-year period must "extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to dismissal." Framing the issue somewhat differently, the trial court expanded this conclusion to require "an express waiver of the five year [*sic*] statute."

During the hearing, the trial court reiterated that a stipulation extending trial beyond the five-year period must "expressly waive" the right of dismissal. According to the trial court, "You have to say—it is the plaintiff's duty to say we need to continue this case to next April because our attorney can't do it because he's got—his wife is having a baby; he has two conflicts in his schedule. Then you need to say this is going to be beyond the five-year statute; do you waive that. And that's what didn't happen in this case. That's a problem." Following additional argument, the trial court adopted the tentative ruling as the order of the court and dismissed the action with prejudice.

Munoz filed a timely notice of appeal.

### DISCUSSION

We independently review a ruling on a motion to dismiss for failure to bring an action to trial within the five-year period provided by section 583.310 to the extent the ruling is based on an interpretation of the statute. (*Brown & Bryant, Inc. v. Hartford Accident & Indemnity Co.* (1994) 24 Cal.App.4th 247, 252.)

3

We independently review the trial court's interpretation of a written stipulation, including the resolution of any ambiguity, unless the interpretation depends on the court's resolution of factual questions concerning the credibility of extrinsic evidence. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865.) Where, as here, the trial court's ruling does not turn on the credibility of extrinsic evidence, our review of the court's interpretation of a written stipulation is de novo. (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 694.)

"An action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) An action which is not brought within the prescribed period must be dismissed. (§ 583.360, subd. (a).) These requirements are mandatory "and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).) The purpose of the five-year dismissal statute is to prevent the prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses. (*Lewis v. Superior Court* (1985) 175 Cal.App.3d 366, 375.) The statute also protects defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time. (*Ibid.*) While the goals of the five-year limit are somewhat analogous to those underlying statutes of limitation, the five-year limit involves policy considerations that are somewhat less crucial because once an action has been filed defendants can take steps to protect their interests. (*General Motors Corp. v. Superior Court of Los Angeles County* (1966) 65 Cal.2d 88, 91.)

Under section 583.330, the five-year period may be extended by written stipulation or oral agreement made in open court. (§ 583.330.) Section 583.330 does not, by its terms, require that a stipulation extending the five-year period include any particular formalities. (§ 583.330.) Our consideration of whether a stipulation extends the five-year limit under section 583.330 is guided by section 583.130, which states that "the policy favoring the right of parties to make stipulations in their own interests and the

4

policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." (§ 583.130.)

Munoz contends that the present case is governed by our Supreme Court's opinion in *Miller & Lux. Inc. v. Superior Court of County of Merced* (1923) 192 Cal. 333 *(Miller & Lux).* In *Miller & Lux*, the parties entered into a series of stipulations continuing the trials of three related actions, both in writing and by oral agreement in open court. (*Id.* at pp. 335-336.) The last written stipulation continued the trials to March 24, 1920. (*Id.* at p. 336.) The last oral agreement in open court continued the trials to September 28, 1920. (*Id.* at p. 337.) On October 19, 1920, the trial court on its own motion continued the trials to November 15, 1920. (*Ibid.*) On November 10, 1920, after expiration of the parties' last extension, the defendants filed a motion to dismiss pursuant to former section 583.[2] (*Miller & Lux,* at p. 337.) The trial court denied the motion and the defendants filed petitions for writs of mandate, which were granted. (*Ibid.*)

In granting the petitions, the *Miller & Lux* court explained: "It is, of course, well settled that any stipulation of the defendants extending the statutory period did not operate as a waiver for all future time of the right of defendants to a dismissal after the expiration of the extended period. [Citation.] Neither did any of the written stipulations entered into within the five-year period continuing the trials from time to time within the statutory period have the effect of extending the time beyond the five-year period. [Citations.] . . . A written stipulation, however, expressly waiving the benefit of the section, *or postponing the case to a time beyond the statutory period, would have the*

---

[2] The 1984 legislative revisions also added section 583.130. (Stats. 1984, ch. 1705, § 5, p. 6177.)

*effect of extending the statutory period to the date to which the trial was postponed.*
[Citation.]" (*Miller & Lux, supra,* 192 Cal. at pp. 337-338, italics added.)

Relying on the italicized language in the preceding paragraph, Munoz argues that a stipulation extending the five-year period must *either* expressly waive section 583.310 *or* continue the trial to a specific date beyond the five-year period. In the present case, Munoz observes, the stipulation continued the trial to a specific date outside of the five-year period. Therefore, Munoz concludes, the stipulation properly extended the five-year period, and there was no need for the City to "expressly waive" the benefit of section 583.310, as any such waiver would have been superfluous. We agree and conclude that the parties' written stipulation extended the time for bringing the case to trial, and had "the effect of extending the statutory period to the date to which the trial was postponed." (*Miller & Lux, supra,* 192 Cal. at p. 338; see also *J.C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 (*J.C. Penney*).)

The City attempts to distinguish *Miller & Lux* on the grounds that the Supreme Court construed former section 583, which was repealed in 1984 and replaced by section 583.310 et seq. (Stats. 1984, ch. 1705, §§ 4-5.) We conclude that the differences between the present and former versions of the statute are not so significant as to preclude reliance on *Miller & Lux*. (Compare § 583.330 ["The parties may extend the time within which an action must be brought to trial . . . [b]y written stipulation"] with former § 583, subd. (b) [establishing an exception to the five-year dismissal rule "where the parties have filed a stipulation in writing that the time may be extended"].) In any event, a number of cases have recognized that the parties may stipulate to extend the five-year period by expressly extending the date for trial to a date beyond the five-year limit, including *Sanchez,* on which the City relies. (See *In re Thatcher's Estate* (1953) 120 Cal.App.2d 811, 813 [parties stipulated to extension of statutory deadline by expressly extending the date for trial to a date beyond the five-year limit]; *Taylor v. Shultz* (1978) 78 Cal.App.3d 192, 195 [parties stipulated to extension of statutory deadline by expressly

6

extending date for trial to a date beyond the five-year limit; case properly dismissed when trial did not take place on or before stipulated date].)  Relying on *Miller & Lux,* our Supreme Court reiterated that a stipulation extending the five-year period "must be written and extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal" in *J.C. Penney.*  (*J.C. Penney, supra,* 52 Cal.2d at p. 669, citing *Miller & Lux, supra,* 192 Cal. at p. 338.)  The Court of Appeal for the Second Appellate District quoted *J.C. Penney* in *Sanchez,* which post-dates the 1984 revision to section 583.  (*Sanchez, supra,* 109 Cal.App.4th at p. 1269, fn. 3.)  As noted, the trial court relied on *Sanchez* to grant the City's motion to dismiss.[3]

Although the parties do not directly address the issue, we acknowledge a potential ambiguity in the requirement that a written stipulation "extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal." (*J.C. Penney, supra,* 52 Cal.2d at p. 669.)  On the one hand, the phrase "extend in express terms the time of trial to a date beyond the five-year period" could refer to a specific date beyond the five-year period, as Munoz suggests.  On the other hand, the phrase could require an express reference to the statute, or the five-year period, as the trial court apparently believed.  Our Supreme Court has found that a stipulation to extend trial to a specific date beyond the five-year period *necessarily* waives the right of dismissal under section 583.  (*Smith v. Bear Valley Milling & Lumber Co.* (1945) 26 Cal.2d 590, 599 ["A stipulation to extend the time of trial beyond the five-year period necessarily waives the right to a dismissal of the action under section 583, which would otherwise accrue because of such delay"].)  We have not identified any subsequent cases that reject this

---

[3]  *Sanchez* did not involve the validity or interpretation of a stipulation to extend the five-year limit.  (*Sanchez, supra,* 109 Cal.App.4th at p. 1269, fn. 3.)  Instead, *Sanchez* involved the application of section 583.340, which excludes certain periods from the five-year period for bringing a case to trial, including periods in which prosecution of the case would be "impossible, impracticable, or futile."  (*Id*. at pp. 1271-1274; § 583.340.)

approach. (See generally 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 383, p. 826.) Further, we conclude that it is consistent with the policies underlying section 583.130.

As noted, section 583.130 establishes a general policy favoring the parties' right to make stipulations in their own interests. (§ 583.130.) Here, the parties stipulated to continue the trial date to June 16, 2014, more than six months after the expiration of the five-year period. Although the parties do not appear to have discussed the five-year deadline for bringing the case to trial, their stipulation "reflects a mutual intent to defer the proceedings," and "must be enforced to effectuate the whole of the instrument." (*Wheeler v. Payless Super Drug Stores, Inc.* (1987) 193 Cal.App.3d 1292, 1303; see also *General Ins. Co. v. Superior Court of Alameda County* (1975) 15 Cal.3d 449, 455-456.) Section 583.130 also establishes a statutory preference for trial on the merits. (§ 583.130; see also *Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 509 ["all things being equal, we deem it preferable to apply our decisions in such a manner as to preserve, rather than foreclose, a litigant's day in court on the merits of his or her action"].) Applying section 583.130, we conclude that the parties' written stipulation extended the time for bringing the case to trial to June 16, 2014. We therefore conclude that the trial court erred in granting the City's motion to dismiss.

Accordingly, we reverse.

## DISPOSITION

The judgment is reversed.  Munoz shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

           RENNER              , J.

We concur:

  RAYE          , P. J.

  HULL          , J.