Filed 9/21/21  Luna v. Penta Internat. Corp. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PHILLIP LUNA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PENTA INTERNATIONAL CORPORATION,<br><br>    Defendant and Respondent. | B301660<br><br>(Los Angeles County<br> Super. Ct. No. BC544985) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth Allen White, Judge.  Affirmed.

Torhoerman, Kenneth J. Brennan, Jacob W. Plattenberger, and Steven D. Davis for Plaintiff and Appellant.

Gordon Rees Scully Mansukhani, Matthew G. Kleiner, Jason F. Meyer, and J. Todd Konold for Defendant and Respondent.

_____

1

Phillip Luna appeals from a judgment dismissing his action against Penta International Corporation based on Luna's failure to bring the case to trial within the five-year period under Code of Civil Procedure[1] section 583.310. The trial court found the statutory exceptions to dismissal under sections 583.140 and 583.360 did not apply. On appeal, Luna contends the trial court erred in granting Penta's motion to dismiss the action because there was a written stipulation and oral agreement in open court to continue the trial date. He also argues Penta was estopped from seeking dismissal and waived its right to dismissal under section 583.130. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Luna Files This Action and the Trial Court Grants Two Trial Continuances Within the Five-year Statutory Period*

On May 8, 2014 Luna filed this products liability action against his former employer (The Kerry Group, Inc., and Kerry Group PLC doing business as Kerry Ingredients), and others. Luna later named 21 additional defendants, including Penta and Centrome, Inc.[2] The trial court set an initial trial date of January 7, 2019. In November 2018 the parties signed a written stipulation to continue the trial, and Penta filed an ex parte motion to continue based on the stipulation. The trial court

---

[1]     All further statutory references are to the Code of Civil Procedure.

[2]     The cases against all defendants except Penta and Centrome were settled, dismissed, or resolved by summary judgment. Centrome settled after judgment was entered in its favor. Penta is the only appellant.

granted the motion and continued the trial to February 25, 2019. On January 24, 2019 Penta filed an ex parte application to continue the trial a second time, which the trial court granted. The trial court set the trial date for May 6, 2019.

B.     *Luna's Ex Parte Application To Continue Trial for a Third Time*

On April 15, 2019 Luna filed a document titled "Plaintiff's Ex Parte Application to Continue the Current Trial and Trial Related Dates."  The ex parte application stated, "The parties have jointly agreed to the trial continuance," citing to the declaration of Luna's counsel, Jacob Plattenberger.  The memorandum in support of the ex parte application similarly stated, "[T]he parties have all agreed to this short trial continuance to complete expert discovery."  Plattenberger stated in his supporting declaration, "Trial counsel for Defendant Centrome is unavailable from June 23, 3019 through July 15, 2019.  All parties have agreed to continue the trial to a date after Centrome's counsel becomes available."

Counsel for Luna and for defendants appeared at a telephonic hearing held on April 18, 2019 on Luna's ex parte application.  There was no court reporter present.  The trial court granted Luna's ex parte application, explaining in its minute order, "Pursuant to the request of plaintiff, the [j]ury [t]rial . . . scheduled for 5/06/2019 is continued to 9/10/2019 at 9:30 [a.m.] . . . ."  On the same date the court entered an order continuing the trial date.

3

C.  *Penta's Motion To Dismiss for Luna's Failure To Bring the Action to Trial Within Five Years*

On May 9, 2019 Penta filed a motion to dismiss under section 583.310 for failure to bring the action to trial within the statutory five-year period.  It is undisputed the five-year deadline to bring the action to trial under section 583.310 ran on May 8, 2019, five years after Luna filed his original complaint.

In opposition to the motion, Plattenberger stated in his declaration that on April 11, 2019 Penta's counsel, Christine Gracco, called him and stated "Penta and Centrome wanted a trial continuance" and "Penta and Centrome would be filing papers moving ex parte to move the trial date."  According to Plattenberger, during a second call later that day, Gracco said "her client would not allow her to file another motion to continue the trial because she had done so twice already"; "Penta and Centrome wanted a trial continuance"; Gracco "already wrote the papers and [Plattenberger] could just use what she had written"; and Gracco "[a]sked [Plattenberger] if [he] would file the papers." Plattenberger attached an email he received from Gracco later that day stating, "As we discussed, here is the draft of the papers we were in the process of preparing for a trial continuance." According to Plattenberger, the email included a Word file titled, "LUNA Ex Parte Application to Continue May 2019 trial."  The Word file contained a document titled, "Defendant Penta International Corporation's ex parte application to continue the current trial and trial related dates; declaration of Christine J. Gracco."  (Capitalization omitted.)  Plattenberger stated, "[B]elieving that I was doing a courtesy for another lawyer, I filed an ex parte application to continue the trial using the papers Gracco sent to me."  Further, Plattenberger stated as to the April

4

18, 2019 hearing that "[a]t no time before or during the hearing did counsel for Penta or Centrome object to, contest, or take issue in any way with the statement in the ex parte application that '[t]he parties have jointly agreed to the trial continuance.'"

In Gracco's declaration in support of Penta's reply, she refuted the statements made by Plattenberger. As to the April 11, 2019 phone call, Gracco asserted she "informed Mr. Plattenberger that [she] had spoken to Centrome's counsel about the possibility of a trial continuance and was advised that Centrome would not stipulate to a trial continuance but would not oppose an ex parte request from another party." Gracco averred she did not state that Penta and Centrome would be filing an ex parte application to move the trial date; rather, "[she] advised Mr. Plattenberger that [she] would begin preparing ex parte papers in the event that it was determined that a continuance was necessary." During the second April 11 call, Gracco "told Mr. Plattenberger [she] was not authorized to proceed with the ex parte application" and "informed him that Penta was ready to proceed to trial on May 6, 2019 . . . [and] that Penta would not go forward with the submitting [of] an ex parte application and [she] further advised that Penta would not oppose an ex parte application requesting a trial continuance." According to Gracco, "[p]roviding the draft papers was a courtesy and was never intended to be a 'stipulation' or representation that 'all parties' (or Penta for that matter) were agreeable to a trial date beyond the five-year rule." Gracco also denied asking Luna's counsel to file the draft ex parte papers on Penta's behalf. Finally, Gracco stated, "On behalf of Penta, [she has] never agreed (in a written stipulation or otherwise) to either extend or waive the time in which this action must be brought to trial

pursuant to Code of Civil Procedure section 583.310 nor [has she] ever agreed to a date certain to have this matter brought to trial outside the five-year deadline." Penta also filed evidentiary objections to two paragraphs of the Plattenberger declaration.

D.  *The Trial Court's Ruling*

At the hearing on July 11, 2019, the trial court tentatively denied Penta's motion to dismiss, asked the parties for supplemental briefs, and set a second hearing on the motion for July 26, 2019. After a hearing on July 26, the court granted Penta's motion. As part of its ruling, the court sustained Penta's evidentiary objections to Plattenberger's declaration.[3] The trial court sustained Penta's objection to the statement in Plattenberger's declaration that "[a]t no time before or during the hearing [on April 18, 2019] did counsel for Penta or Centrome object to, contest, or take issue in any way with the statement in the ex parte application that '[t]he parties have jointly agreed to the trial continuance.'" The court also sustained Penta's objection to the statement by Plattenberger that he was unaware prior to receipt of Penta's motion to dismiss that "[d]efendants did in fact oppose continuing the trial to July 22, 2019."

The court found at the hearing, "[T]here was no stated waiver of the five-year statute. . . . There's nothing recorded in the minute order; there was no court reporter present. [The court has] no record of a waiver of the five-year statute. And estoppel is not a persuasive argument in this instance. [¶] . . . [¶]

---

[3]  The trial court sustained Penta's evidentiary objections because Plattenberger was not present at the April 18, 2019 hearing. On appeal, Luna does not challenge the trial court's evidentiary rulings.

There's just no estoppel here, because I don't have a record here of anything other than silence."

On August 12, 2019 the trial court entered judgment in favor of Penta.[4] Luna timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

Under section 583.310, "An action shall be brought to trial within five years after the action is commenced against the defendant." If a case is not brought to trial within the statutory period, dismissal is "mandatory" upon a motion of the defendant or on the court's own motion. (§ 583.360, subds. (a) & (b).) Section 583.330 provides the parties may extend the statutory period "(a) [b]y written stipulation . . . [or] [¶] (b) [b]y oral agreement made in open court, if entered in the minutes of the court or a transcript is made." The stipulation or agreement must either extend the time for bringing the action to trial to a date beyond the statutory period or expressly waive the defendant's right to dismissal under section 583.310. (*General Insurance v. Superior Court* (1975) 15 Cal.3d 449, 455; *Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 361-362.) The principles of waiver and estoppel also apply to prevent a dismissal under section 583.360. (§ 583.140.)

We review for an abuse of discretion the trial court's decision whether an exception applies to mandatory dismissal for failure to bring an action to trial within five years. (*Gaines v.*

---

[4]     The trial court also entered judgment for Centrome based on its motion to dismiss based on the five-year rule.

*Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100 (*Gaines*) [trial court did not abuse its discretion in refusing to exclude 120-day period of partial stay of action from five-year period under section 583.340, subdivision (c), because bringing case to trial within five-year period was not impossible, impracticable, or futile]; see *Nunn v. JPMorgan Chase Bank, N.A.* (2021) 64 Cal.App.5th 346, 351, 354 [trial court abused its discretion in dismissing action for failure to bring case to trial within three-year period of section 583.320 where parties orally agreed to extend deadline].) Under this standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" (*Gaines*, at p. 1100; accord, *Nunn*, at p. 354.)

B. *None of the Exceptions Applies To Extend the Five-year Period*

1. *Substantial evidence supports the trial court's finding there was no written stipulation*

As discussed, under section 583.330, subdivision (a), the parties may extend the five-year period during which an action must be brought to trial by a written stipulation. However, as the Supreme Court has cautioned, "[N]o case decided by this court has held that anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time. [¶] . . . [¶] The provision that a written stipulation be entered into was intended to preclude all disputes . . . by a requirement that clear and uncontrovertible evidence be

8

presented to the court that the statutory time was deliberately intended to be extended by both parties." (*Miller & Lux Inc. v. Superior Court* (1923) 192 Cal. 333, 338, 340; accord, *Munoz v. City of Tracy, supra*, 238 Cal.App.4th at p. 361.)

For purposes of section 583.330, subdivision (a), separate writings by both sides may constitute a written stipulation if the writings clearly indicate agreement to an extension of the trial date past the five-year period or waiver of the right to dismissal. (See *Smith v. Bear Valley Milling & Lumber Co.* (1945) 26 Cal.2d 590, 599-600 [separate affidavits of parties' attorneys reflecting oral agreement to continue trial constituted written stipulation sufficient to avoid dismissal]; *Charles L. Donohoe Co. v. Superior Court* (1927) 202 Cal. 15, 17 [letters between attorneys were sufficient to constitute a written stipulation extending the statutory time even though there was no separate document called a stipulation].) In determining whether a stipulation extends the five-year period or waives the right to dismissal, the rules of contract interpretation apply, and "'the court may look to the circumstances surrounding the making of the agreement . . . .'" (*Miles v. Speidel* (1989) 211 Cal.App.3d 879, 883; accord, *Smith*, at p. 601.)

The trial court's finding there was no written stipulation is supported by substantial evidence. On appeal, Luna fails to provide "clear and uncontrovertible evidence" of a writing between the parties that extends the statutory period. (*Miller & Lux Inc. v. Superior Court, supra*, 192 Cal. at p. 340.) Luna contends its ex parte application for a continuance constituted a written stipulation because Penta did not object during the April 18, 2019 hearing to the statement in Luna's ex parte application for a continuance that "[t]he parties have jointly agreed." But

9

even if there was evidence of Penta's failure to object at the hearing (which there is not), section 583.330, subdivision (a), requires a writing from Penta clearly indicating its intent to extend the statutory period. No such writing exists. Luna points to the email Gracco sent Plattenberger containing the draft ex parte application and Plattenberger's declaration in which he stated his belief he was doing Gracco a favor by filing an ex parte application using the draft Gracco sent him. However, Gracco's email to Plattenberger only stated she was sending a draft of an ex parte application she was working on; it lacks a clear statement that she agreed to a continuance. Further, Gracco stated in her declaration the draft ex parte application was not intended to be a stipulation because Penta's counsel had no authority to seek a continuance.

2. *Substantial evidence supports the trial court's finding there was no oral agreement in open court*

As discussed, under section 583.330, subdivision (b), the five-year statutory period may be extended "[b]y oral agreement made in open court, if entered in the minutes of the court or a transcript is made." Here, the April 18, 2019 minute order does not reflect an oral agreement of counsel.[5] Rather, it indicates only that "pursuant to the request of the plaintiff" the court granted Luna's ex parte application to continue the trial. Further, there is no transcript of the hearing because no court reporter was present. Substantial evidence therefore supports

---

[5] We do not reach Luna's argument on appeal that Penta's attorney's silence at the hearing constituted an oral agreement because there is no record of whether there was silence or assent by Penta's attorney at the hearing.

the trial court's finding there was no oral agreement in open court as required by section 583.330, subdivision (b), to extend the five-year period.

    3.    *Substantial evidence supports the trial court's finding estoppel does not apply*

A defendant may be estopped from seeking a mandatory dismissal for failure to bring the case to trial within the five-year period. (*Gaines, supra*, 62 Cal.4th at pp. 1097-1098; *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1422.) "Equitable estoppel requires that: (1) the party to be estopped was aware of the operative facts and either intended that its act or omission be acted upon, or acted in such a way that the party asserting estoppel rightfully believed it was intended; and (2) the party asserting estoppel was unaware of the facts and relied on the other party's conduct to its detriment." (*Gaines*, at p. 1097; accord, *Jordan*, at pp. 1422-1423.) "The party asserting estoppel has the burden to establish these elements." (*Gaines*, at p. 1097; accord, *Busching v. Superior Court* (1974) 12 Cal.3d 44, 53.)

Luna contends, relying on the statements in Plattenberger's declaration describing his April 11, 2019 telephone conversation with Gracco, that Gracco asked Plattenberger to file the ex parte application on Penta's behalf. Although it is undisputed Gracco provided Plattenberger a draft of an ex parte application, Gracco stated in her declaration she never asked Plattenberger to file the ex parte application on Penta's behalf, and instead only sent the draft as a courtesy. The declarations of Gracco and Plattenberger are therefore in conflict, but substantial evidence supports the trial court's implied finding that Gracco did not request the continuance or that Plattenberger

11

file the ex parte application on Penta's behalf, especially given the lack of any indication in Gracco's email attaching the draft ex parte application that she wanted Plattenberger to file the document. Rather, Gracco simply stated, "As we discussed, here is the draft of the papers we were in the process of preparing for a trial continuance." Further, Gracco's account of what happened was more reasonable—that Penta did not object to Luna seeking a continuance, and Gracco provided a draft ex parte application as a courtesy to Plattenberger, not that Gracco requested Plattenberger file the ex parte application on behalf of Penta against her client's wishes.

Luna also argues that prior to receipt of Penta's motion to dismiss, Plattenberger was unaware that Penta opposed a trial continuance. But the trial court sustained Penta's evidentiary objection to this statement in Plattenberger's declaration. Further, Gracco stated in her declaration that she told Plattenberger "that both Penta and Centrome would not object to an ex parte trial continuance request but they would not execute a written stipulation to continue the trial date as they were both prepared to proceed to trial on the May 6, 2019 date."

4. *Substantial evidence supports the trial court's finding there was no waiver*

"'"[W]aiver" means the intentional relinquishment or abandonment of a known right.' [Citations.] Waiver requires an existing right, the waiving party's knowledge of that right, and the party's 'actual intention to relinquish the right.' [Citation.] "Waiver always rests upon intent."' [Citation.] The intention may be express, based on the waiving party's words, or implied, based on conduct that is "'so inconsistent with an intent to

12

enforce the right as to induce a reasonable belief that such right has been relinquished.""'" (*Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 475; accord, *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 31-32.) "'The burden . . . is on the party claiming a waiver of right to prove it by clear and convincing evidence that does not leave the matter to speculation, and "doubtful cases will be decided against the existence of a waiver" [citation].'" (*Waller*, at p. 31; accord, *Antonopoulos v. Mid-Century Ins. Co.* (2021) 63 Cal.App.5th 580, 600.)

Substantial evidence supports the trial court's finding there was "no record of a waiver of the five-year statute." Luna contends Penta waived its right to dismissal based on its attorney's silence during the hearing on the ex parte application. But the trial court sustained Penta's evidentiary objections to Plattenberger's account of what happened at the hearing. Thus, the only record of the hearing is the account from Penta's counsel, J. Todd Konold, who stated that during the April 18, 2019 telephonic hearing, he "did not indicate—explicitly or impliedly—that Penta would waive the five-year rule." And as discussed, Gracco stated in her declaration she told Plattenberger that Penta would not stipulate to a continuance. On this record, Penta did not waive its right to seek dismissal of the action based on Luna's failure to bring the case to trial within the five-year period.

## DISPOSITION

The judgment is affirmed.

FEUER, J.

We concur:

PERLUSS, P. J.

IBARRA, J.*

---

*       Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.