Filed 1/24/24  Randall v. Intel International Corp. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DAWN VIRGINIA RANDALL, | C097853 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2016-00205482-CU-PO-GDS) |
| v. | |
| INTEL INTERNATIONAL CORPORATION et al., | |
| Defendants and Respondents. | |

Plaintiff Dawn Virginia Randall appeals from judgments dismissing her personal injury action against defendants Intel International Corporation (Intel) and Jones Lang LaSalle Americas, Inc. (Jones Lang) (collectively defendants) for failure to bring the action to trial within five years, as required by Code of Civil Procedure[1] section 583.310. She contends the trial court erred by dismissing her case because the parties had executed

---

[1]     Undesignated section references are to the Code of Civil Procedure.

1

a written stipulation necessarily contemplating that the trial would occur beyond the presumed statutory deadline, and thus defendants waived application of the deadline. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2016, Randall filed a complaint asserting a single cause of action against defendants for negligence under theories of premises liability. Defendants filed answers and the case progressed through discovery. In March 2019, Jones Lang moved to continue trial until at least September 2019 pursuant to the parties' stipulation. Trial was then set for December 2019, but Jones Lang moved to continue trial until July 2020 pursuant to the parties' stipulation. The trial court granted the motion.

Because of the COVID-19 pandemic, Randall's trial was continued until further notice. In September 2020, the matter was referred to the trial setting process for selection of a mandatory settlement conference and trial date. In February 2021, Randall moved to continue trial pursuant to a stipulation of the parties and to be referred back to the trial setting process. The trial court granted the motion.

In June 2022, Randall moved pursuant to the parties' stipulation to continue the trial that had been set for July 25, 2022, and be referred back to the trial setting process. The stipulation provided, "It is hereby stipulated between [counsel for the parties] that the trial, which is currently set for July 25, 2022[,] and the mandatory settlement conference, which is currently set for June 8, 2022, all be continued. [¶] Mrs. Randall underwent surgery to her lumbar spine approximately three weeks ago. This was the final step in her treatment. So all counsel would like time to subpoena her medical records and engage in private mediation before trying the case. [¶] Plaintiff and defense counsel would like to be referred back to the [c]ourt's trial setting calendar, so that we may select a new trial date." The trial court granted the motion.

2

On October 19, 2022, Intel moved to dismiss the complaint for failure to bring the matter to trial. On November 14, 2022, Jones Lang also moved to dismiss the complaint for failure to bring the matter to trial.

In December 2022, the trial court granted Intel's motion. In its order, the trial court found that the five-year deadline from the date the complaint was filed expired on December 27, 2021; however, our Supreme Court extended the statutory deadline by six months because of the COVID-19 pandemic, fixing the deadline at June 27, 2022. Further, civil trials were suspended by the Sacramento County Superior Court from March 17, 2020, until January 4, 2021, making trial at that time impossible, impracticable, or futile. Accordingly, Randall had 109 days in addition to the six-month extension to bring her case to trial. This meant that October 14, 2022, was the deadline for trial to commence in the matter. Because trial had not commenced and the stipulation provided by Randall did not establish that the parties agreed to extend the statutory deadline, the trial court found that dismissal was required. The trial court later granted Jones Lang's motion to dismiss for the same reasons. Consequently, Randall's complaint was dismissed.

Randall appeals.

DISCUSSION

Randall contends that the last stipulation entered between the parties necessarily continued trial beyond the statutory period, and thus defendants waived application of the five-year deadline contained in section 583.310. We disagree.

"We independently review a ruling on a motion to dismiss for failure to bring an action to trial within the five-year period provided by section 583.310 to the extent the ruling is based on an interpretation of the statute. [Citation.] [¶] We independently review the trial court's interpretation of a written stipulation, including the resolution of any ambiguity, unless the interpretation depends on the court's resolution of factual questions concerning the credibility of extrinsic evidence. [Citation.] Where, as here, the

3

trial court's ruling does not turn on the credibility of extrinsic evidence, our review of the court's interpretation of a written stipulation is de novo." (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 358 (*Munoz*).)

"An action must be brought to trial within five years after it is commenced. (§ 583.310.) If this deadline is not met, the action 'shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties . . . .' (§ 583.360, subd. (a).) 'The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.' (§ 583.360, subd. (b).)" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1089-1090.)

"Under section 583.330, the five-year period may be extended by written stipulation or oral agreement made in open court. Section 583.330 does not, by its terms, require that a stipulation extending the five-year period include any particular formalities. Our consideration of whether a stipulation extends the five-year limit under section 583.330 is guided by section 583.130, which states that 'the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter.' " (*Munoz*, *supra*, 238 Cal.App.4th at p. 359.)

A written stipulation must either (1) include an *express waiver* of the right to dismiss under section 583.310, or (2) must continue the trial to a *specific date* outside the five-year period. (*Munoz*, *supra*, 238 Cal.App.4th at pp. 360-361.) A stipulation that just extends the statutory period does "not operate as a waiver for all future time of the right of defendants to a dismissal after the expiration of the extended period." (*Miller & Lux Inc. v. Superior Court* (1923) 192 Cal. 333, 337.)

4

In *Munoz*, the five-year deadline for bringing the plaintiff's case to trial was due to expire in December 2013.  (*Munoz*, *supra*, 238 Cal.App.4th at p. 357.)  A few months before that deadline, the parties executed a written stipulation to continue the trial to June 16, 2014.  (*Ibid*.)  Nevertheless, in February 2014, the trial court dismissed the action, finding that the written stipulation was ineffectual because it did not include an express waiver of the five-year deadline or of the defendant's right to dismissal under section 583.310.  (*Munoz*, at p. 357.)  We reversed, holding that the trial deadline was extended to June 16, 2014, pursuant to the parties' written stipulation.  (*Id*. at pp. 361-362.)  Applying our Supreme Court's holding in *Miller*, we concluded there was no need for the defendant to expressly waive the benefit of section 583.310 because an agreement to extend trial to a specific date beyond the five-year period necessarily waived, until that date, the right to dismissal under the five-year statute.  (*Munoz*, at p. 360.)

Randall argues that the same reasoning is applicable here.  According to Randall, the parties agreed to a continuance when the matter had already been continued beyond the five-year deadline calculated to include the six-month extension provided by our Supreme Court.  To Randall, the parties' extension beyond the July 25, 2022 trial date could only mean the parties intended to extend the June 27, 2022 deadline.  The problem with Randall's argument is that we do not presume a defendant intends to waive the statutory deadline forever when a defendant merely continues trial.  (E.g., *Miller & Lux Inc. v. Superior Court*, *supra*, 192 Cal. at pp. 337 [a stipulation extending the statutory deadline does "not operate as a waiver for all future time of the right of defendants to a dismissal after the expiration of the extended period"]; *Munoz*, *supra*, 238 Cal.App.4th at p. 360 [setting trial after the five-year deadline serves to waive application of the deadline until the newly set trial date]; *Hunt v. United Artists Studio* (1947) 79 Cal.App.2d 619, 622-623 [the defendant's acquiescence and oral agreements to continue trial long beyond the five-year deadline did not serve to waive the deadline].)  The stipulation here failed to include a specific date.  Read the way Randall asserts and in the context of the case

authority, the stipulation would be interpreted to impliedly waive the statutory deadline into perpetuity. Such an expansive waiver cannot be gleaned from a reasonable reading of the parties' stipulation, which merely purports to continue trial until the parties have an opportunity to review additional discovery and attempt mediation.

Further, dismissal for failure to bring an action to trial within five years is subject to multiple exceptions, one of which was applicable here. (§ 583.340.) We cannot say from the face of the stipulation how each party believed the exceptions would apply in this case or when each party believed the statutory deadline expired, such that a continuance beyond July 25, 2022, waived the five-year deadline. Randall argues we must hold the parties to their arguments before the trial court and presume they all believed the deadline expired on June 27, 2022, and that no exception applied to the case. But the question before us is not what the parties' arguments before the trial court tell us about their subjective intent when entering into the stipulation. The question before us on our de novo review is whether the stipulation can be interpreted to waive the five-year deadline. (*Munoz, supra*, 238 Cal.App.4th at p. 358.) It simply cannot.

The fact the stipulation does not include a specific date for trial is fatal to Randall's claim. Such tentative and ambiguous scheduling has long been deemed ineffective to defeat mandatory dismissal. (E.g., *J.C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 ["the stipulation must . . . extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal"]; *Emerson v. Superior Court* (1936) 7 Cal.2d 685, 687 [stipulation "that the case 'shall go off-calendar . . . and be re-set upon the said court's calendar at its earliest convenience' " was insufficient to extend the statutory deadline]; *Anderson v. Erwyn* (1966) 247 Cal.App.2d 503, 507 ["stipulation that the pretrial conference be taken off calendar subject to being reset at a mutually convenient time" was insufficient to extend the statutory deadline]; *Prudential Ins. Co. v. Superior Court* (1931) 117 Cal.App. 528, 529 [stipulation that case be dropped from calendar and restored upon five days' notice by

6

either party insufficient to extend the statutory deadline]; cf. *Brown & Bryant, Inc. v. Hartford Accident & Indemnity Co.* (1994) 24 Cal.App.4th 247, 255, fn. 10 ["a stipulation made during the pendency of a case [that] may delay the time for trial does not toll the running of section 583.310 unless the stipulation expressly extends the mandatory dismissal period"].)

Randall's reliance on *Smith* to show sufficient language constituting waiver of the five-year deadline is misplaced. (*Smith v. Bear Valley etc. Co.* (1945) 26 Cal.2d 590.) There, the parties agreed they entered a stipulation extending the five-year deadline, "and the disputed issue [lay] only in the question as to whether such stipulation [wa]s 'in writing.' " (*Id*. at p. 592.) "Cases do not stand for propositions that were never considered by the court." (*Mares v. Baughman* (2001) 92 Cal.App.4th 672, 679.) Accordingly, the trial court did not err by granting defendants' motions to dismiss for Randall's failure to bring her case to trial within the statutory period.

## DISPOSITION

The judgment is affirmed.  Randall shall pay costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/
ROBIE, Acting P. J.

We concur:

/s/
KRAUSE, J.

/s/
WISEMAN, J.[*]

---

[*]    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.