Filed 8/29/24  Yue v. Trigmax Solutions CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DONGXIAO YUE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TRIGMAX SOLUTIONS, LLC, et al.,<br><br>        Defendants and Respondents. | A167577<br><br><br>(Contra Costa County<br>Super. Ct. No. MSC1601118) |

Dongxiao Yue appeals from an order dismissing defendants Trigmax Solutions, LLC (Trigmax), Muye Liu (Liu), and Yeyeclub.com for failure to bring the action to trial within the mandatory five-year period.  (Code Civ. Proc., § 583.310.)[1]  The question presented is whether an oral stipulation to continue the trial date made in open court and entered into the minutes of the court is an agreement to extend the five-year deadline when the stipulated continued trial date is later determined to be beyond the five-year statutory period.  The answer is yes.  We reverse the dismissal order.

## FACTUAL AND PROCEDURAL BACKGOUND

On June 13, 2016, Yue filed a complaint in Contra Costa Superior Court against Trigmax, Yeyeclub.com, Liu, and Wenbin Yang, alleging causes

_____

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

of action for unfair competition and defamation. Defendants Liu and Trigmax filed a special motion to strike under the anti-SLAPP statute (§ 425.16), which was partially denied. Liu and Trigmax appealed from the partial denial of their anti-SLAPP motion, and we affirmed the ruling in an unpublished decision. (*Yue v. Trigmax Solutions LLC* (Apr. 30, 2018, A151067).) The remittitur issued on July 13, 2018. Codefendant Yang, who lives in Canada, filed a motion to quash service of summons and complaint, arguing a lack of personal jurisdiction. The trial court granted his motion, and Yue filed a separate appeal. The first scheduled trial date was February 8, 2021. The remaining parties appeared remotely for the bench trial. The trial judge continued the trial until March 8, 2021, due to the need to review the voluminous records submitted by the parties.

On March 8, 2021, counsel for defendants Trigmax, Liu and Yeyeclub.com (defense counsel) informed the trial court that this court had filed its decision reversing the trial court's order granting codefendant Yang's motion to quash service of summons and complaint for lack of personal jurisdiction. (*Yue v. Yang* (2021) 62 Cal.App.5th 539.) The trial court did not go forward with the trial. On November 12, 2021, the trial court scheduled a bench trial for November 7, 2022, and an issue conference for October 12, 2022.

The minute order for the October 12, 2022, issue conference states that defense counsel appeared remotely and was admonished by the court that all parties were ordered to appear live in the courtroom for issue conferences. Defense counsel informed the court that he was unable to travel because of a recent death in his immediate family. The court offered condolences and stated it "believes there is good cause to continue the 11/7/22 trial. The court is concerned about the 5 year rule for this 2016 case and asks [plaintiff] if he

2

has calculated the dates. Mr. Yue responds the case was in the Court of Appeal for about a year and may have until April 2023. [¶] The court makes it clear the responsibility lies with [plaintiff] to calculate the 5 year deadline. Setting the case outside the 5 year rule could prove fatal. [Plaintiff] may stipulate with defendants to continue the matter but, if not stipped to, the burden is entirely on [plaintiff] to calculate the date. [¶] Counsel Mr. Pohl[2] states he will stipulate to a 6 month continuance of the trial date." The trial court then scheduled an issue conference for February 24, 2023, and a trial for March 27, 2023.

On March 6, 2023, defense counsel filed a motion to dismiss for failure to bring the case to trial within five years, as required by section 583.310. The motion calculated the five-year period beginning with the filing of the complaint on June 16, 2016. Applying California Rules of Court, emergency rule 10's six-month extension of the statutory five-year period,[3] the defendants calculated five years six months from June 16, 2016, to be December 13, 2021. They argued that the statutory period was tolled while the case was stayed during the appeal of the anti-SLAPP ruling, from April 7, 2017, to July 13, 2018, a period of 462 days. The defendants concluded the statutory deadline to bring the case to trial was March 20, 2023.

---

[2] William Pohl represents Trigmax and Liu on appeal and was counsel for Trigmax, Liu, and Yeyeclub.com in the trial court.

[3] Emergency rule 10 was enacted by the Judicial Council of California in response to the COVID-19 pandemic. (*State ex rel. Sills v. Gharib-Danesh* (2023) 88 Cal.App.5th 824, 840.) It states: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total of five years and six months." (Cal. Rules of Court, appen. I, emergency rule 10(a).)

The defendants' motion was originally calendared for April 27, 2023, but at a March 16, 2023 ex parte hearing the trial court rescheduled the hearing for March 27, 2023, which coincided with the trial date. Yue filed his opposition on March 21, 2023. He argued the motion was untimely because it was not served and filed 16 days before the March 27, 2023, hearing as required by sections 1005 and 1010 and California Rules of Court, rule 2.250. Yue opposed the motion on the merits on multiple grounds, including that the defendants stipulated to continue the trial to March 27, 2023; they were estopped from seeking dismissal; and multiple additional tolling periods applied which extended the statutory deadline to December 14, 2023.

The trial court heard the motion on March 27, 2023. There is no reporter's transcript in the appellate record; however, the minute order states that following argument the trial court orally stated that the motion as to defendants Trigmax and Liu was granted and that a written decision was forthcoming. On April 3, 2023, the trial court issued an amended order granting the motion and explaining its reasoning.[4] The amended order deemed the motion timely and found that Yue had sufficient time to file an opposition and prepare for the hearing. As to the merits, the trial court found that there was no stipulation to extend the five-year period. The order states that defense counsel's agreement entered into the October 12, 2022, minute order was an agreement "to a continuance of the trial date only. There is no convincing evidence that the parties agreed to an extension of the 5-year period in open court." The trial court found that the only appliable tolling period was the 463 days from April 7, 2017, to July 13, 2018, while Trigmax

---

[4] The trial court heard and decided Yang's motion to dismiss concurrently with the other defendants'. Yang's motion to dismiss, which involved different time calculations based on Yang's separate appeal, was denied. Yang is not a party to this appeal.

4

and Liu's appeal of the partial denial of their anti-SLAPP motion was pending. The court rejected Yue's arguments under section 583.340 that multiple other periods should also toll the five-year deadline because it was impossible, impracticable or futile to proceed. The trial court concluded that the statutory deadline for bringing the case to trial was March 21, 2023, which is five years six months from the filing of the June 13, 2016 complaint, plus 463 days during which the anti-SLAPP appeal was pending.

## DISCUSSION

### I. *Legal Principles*

"An action must be brought to trial within five years after it is commenced. (§ 583.310.) If this deadline is not met, the action 'shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties . . . .' (§ 583.360, subd. (a).) 'The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.' (§ 583.360, subd. (b).)" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1089–1090.)

Section 583.330 provides that the parties may extend the five-year period by written stipulation or "[b]y oral agreement made in open court, if entered in the minutes of the court or a transcript is made." (§ 583.330.) A written agreement to extend the trial date to a specific date beyond the five-year period necessarily waives the right of dismissal under the five-year statute through the stipulated trial date. (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 360 (*Munoz*).) Similarly, an oral stipulation under subdivision (b) of section 583.330 to continue trial to a specific date beyond the five-year statutory deadline constitutes an agreement to extend the statutory deadline. (*Nunn v. JPMorgan Chase Bank, N.A.* (2021) 64 Cal.App.5th 346, 356–357 (*Nunn*) [interpreting oral agreement prong of

5

§ 583.330 to be consistent with its written stipulation counterpart and holding that "[b]y explicitly agreeing to the January trial date, the parties implicitly agreed to extend the statutory period to January 13, 2020"].)

Section 583.340 provides for periods of tolling of the statutory period when "(a) The jurisdiction of the court to try the action was suspended[;] [¶] Prosecution or trial of the action was stayed or enjoined[; or] [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

We review a trial court's determination of whether prosecution was impossible, impracticable, or futile for abuse of discretion. (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1271.) Under this standard, " ' "[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' " (*Nunn, supra*, 64 Cal.App.5th at p. 354.) We independently review the trial court's interpretation of stipulations unless the interpretation depends on resolution of factual questions regarding the credibility of extrinsic evidence. (*Munoz, supra*, 238 Cal.App.4th at p. 358.) We also independently review the trial court's construction of the applicable statutes. (*Nunn, supra*, 64 Cal.App.5th at p. 354.) Finally, "[o]ur consideration of whether a stipulation extends the five-year limit under section 583.330 is guided by section 583.130, which states that 'the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter.' " (*Munoz, supra*, 238 Cal.App.4th at p. 359.)

6

## II. *The Parties Agreed to Extend the Statutory Deadline*

Yue argues that the statutory deadline was extended when the parties stipulated to a six-month continuance of the trial date at the October 12, 2022 issue conference and their stipulation was entered into the minute order. Under subdivision (b) of section 583.330, the statutory deadline for bringing a case to trial may be extended "[b]y oral agreement made in open court, if entered in the minutes of the court or a transcript is made." There is no reporter's transcript in the appellate record. The minute order states that the court believed "there is good cause to continue the 11/07/22 trial" due to a recent death in defense counsel's immediate family. It then notes the court's concern about the five-year statutory deadline and states the court asked Yue if he had calculated the date, to which "Mr. Yue responds the case was in the Court of Appeal for about a year and may have until April 2023." The minute order then states: "The court makes it clear the responsibility lies with [plaintiff] to calculate the 5 year deadline. Setting the case outside the 5 year rule could prove fatal. [Plaintiff] may stipulate with defendants to continue the matter but, if not stipped to, the burden is entirely on [plaintiff] to calculate the date. [¶] Counsel Mr. Pohl states he will stipulate to a 6 month continuance of the trial date." The court then scheduled the trial for March 27, 2023.

In its order granting the defendants' motion to dismiss, the trial court found, "From the Minute Order, it appears Mr. Pohl agreed to a continuance of the trial date only. There is no convincing evidence that the parties agreed to an extension of the 5-year period in open court." The trial court interpreted section 583.330 as requiring that the minute order reflect not only an agreement to continue the trial to a date beyond the statutory deadline but also a specific statement that the parties agreed to "extend the

7

5-year statute . . . ." The trial court's interpretation is contrary to the majority opinion in *Nunn*, which considered whether an oral agreement to continue a trial date to a specific date beyond the statutory deadline constituted an extension of the statutory deadline. (*Nunn, supra*, 64 Cal.App.5th at pp. 354–356.)

*Nunn* relied in part on *Munoz, supra*, 238 Cal.App.4th 354, which found that a written agreement to extend trial to a specific date beyond the five-year period necessarily waives, until that date, the right to dismissal under the five-year statute. (*Nunn, supra*, 64 Cal.App.5th at p. 355, citing *Munoz*, at pp. 360–361.) *Munoz* agreed with the plaintiff in that case that a written stipulation extending the five-year period "must *either* expressly waive section 583.310 *or* continue the trial to a specific date beyond the five-year period," but it did not need to do both. (*Munoz, supra*, 238 Cal.App.4th at p. 360.) *Munoz* concluded that a written stipulation to extend the trial to a date beyond the five-year period had " 'the effect of extending the statutory period to the date to which the trial was postponed.' " (*Id.*, citing *Miller & Lux, Inc. v. Superior Court* (1923) 192 Cal. 333, 338.) *Nunn* "interpret[ed] the oral agreement prong of section 583.330 to be consistent with its written stipulation counterpart in authorizing parties to extend the statutory trial deadline by agreeing to postpone trial to a specific date beyond the statutory period." (*Nunn*, at p. 356.) We agree with the *Nunn* majority and *Munoz* and find that an agreement to continue trial to a specific date outside the five-year period is an implicit agreement to extend the five-year statutory deadline even if the agreement does not specifically mention the statutory deadline.

Thus, the question here is whether the parties' agreement, stated in the October 12, 2022, minute order, to "stipulate to a 6 month continuance of

8

the trial date" necessarily waived, until the March 27, 2023 continued trial date, the defendants' right to a dismissal under section 583.310. We find that it does. The oral stipulation entered into the minutes reflects that the parties and the court discussed the five-year statute, and the court explained that parties may stipulate to continue the case beyond the statutory period. Defense counsel then "state[ed] he will stipulate to a 6 month continuance of the trial date," and the court set the trial for March 27, 2023, which was within six months from both the October 12, 2022 conference and the previously scheduled November 7, 2022 trial date. The minute order reflects the parties' mutual agreement to the March 27, 2023 trial date and is an implicit agreement to extend the five-year statutory deadline to that date. (*Nunn, supra*, 64 Cal.App.5th at pp. 356–357.)

Defendants argue there was no stipulation in open court to extend the statutory deadline. However, they do not dispute that in open court on October 12, 2022, they stipulated to a six-month continuance of the trial date after the court and the parties discussed the five-year statute. They attempt to distinguish *Nunn* on the basis that the defendants in *Nunn* admitted that they requested the continued trial date in order to conduct further discovery and file a summary judgment motion. Defendants contend they "did no such thing" and state, without citation to the record, that they "did not file any other motions or discovery." (See Cal. Rules of Court, rule 8.204(a); *Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2 [appellate court may disregard factual assertions that are unsupported by citations to the record].) It is true that the minute order does not state that the defendants requested a continuance of the trial, only that the court believed there was good cause for a continuance due to the death in defense counsel's family. However, it is undisputed that the parties and the court

9

discussed the five-year rule, including the possibility that the parties could stipulate to a continuance, and then defense counsel stipulated to a six-month continuance and the trial was set for March 27, 2023, within the six-month period. We find that this constitutes an oral stipulation entered in the minutes to continue the statutory period through March 27, 2023. Whether or not defendants requested the continuance is immaterial. What matters is that defendants orally stipulated to the trial date beyond the five-year statutory period and the stipulation was entered into the minutes. (§ 583.330, subd. (b).)

Defendants further suggest that we should defer to the trial court's interpretation of the minutes because "the trial court clearly states that their [*sic*] recollection was that 'From the Minute Order, it appears Mr. Pohl agreed to a continuance of the trial date only. There is no convincing evidence that the parties agreed to an extension of the 5-year period in open court.'" Defendants again do not provide a record citation supporting their claim that the trial court based its decision on the court's "recollection." The order granting the motion to dismiss does not refer to the trial court's independent recollection but, rather, refers to the contents of the minute order. As explained *ante*, we find that the trial court erred in misunderstanding that an agreement to extend the trial date to a date beyond the five-year period implicitly waives the statutory deadline to the extended trial date. (*Nunn, supra*, 64 Cal.App.5th at pp. 356–357.)

The trial court's order cites to *Nunn* and attempts to distinguish it because in *Nunn* the parties proceeded on appeal by a settled statement of the proceedings at the relevant hearing (Cal. Rules of Court, rule 8.137), stating that both counsel indicated their agreement to a trial date that was beyond the statutory period. The trial court order states that the settled

10

statement in *Nunn* was "effectively identical to a recorded transcript. Here, however, there is nothing from which the Court can find an agreement to extend the deadline." In *Nunn*, no court reporter was present at the relevant court hearing setting the trial date, and, unlike here, the minute order also did not state that the parties agreed to the continued trial date. (*Nunn, supra*, 64 Cal.App.5th at p. 352.) After the trial court granted the defendants' motion to dismiss, the Nunns filed a postjudgment motion to correct the minutes to reflect that the January 2020 trial date was set " 'by the agreement of the parties and to accommodate [the Chase Defendants'] request for a trial date sufficiently in the future to take deposition discovery and bring a motion for summary judgment.' " (*Ibid.*) They also moved for a new trial, arguing that the case should not have been dismissed because the parties' oral stipulation to the January 2020 trial date was enforceable under section 583.330 and, alternatively, under waiver or estoppel theories the statutory deadline was extended. (*Nunn*, at p. 352.) The Nunns appealed from the denial of their postjudgment motions. (*Id.* at pp. 360–361.) The settled statement stated that at the hearing counsel for both parties confirmed the matter was ready for trial; the defendants' counsel objected to the November 2019 date proposed by the court; and the court proposed January 13, 2020, to which the attorneys stated they had no objection. (*Id.* at p. 357.) The *Nunn* majority considered the settled statement and found that the parties' "expressions of mutual assent constitute an agreement to extend the deadline for bringing this case to trial until January 13, 2020." (*Ibid.*)

We find no material difference between the contents of the settled statement evaluated in *Nunn* and the contents of the October 12, 2022, minute order. In fact, unlike in the settled statement in *Nunn*, which did not mention the five-year statute, the minute order here references the

11

"5 year rule" and states that the parties may stipulate to continue the matter. The very next line in the minute order states that defendants stipulated to a six-month continuance and the court then set the trial for March 27, 2023. Thus, the court minutes reflect that the parties here orally stipulated to continue the trial to March 27, 2023, which implicitly extended the statutory deadline to March 27, 2023.[5]

Having found that the parties' oral stipulation in open court, which was recorded in the minutes, extended the statutory deadline to the March 27, 2023 continued trial date, we need not consider the additional grounds for reversal argued by Yue regarding estoppel and whether various time periods should be excluded from computing the statutory deadline pursuant to section 583.340.[6]

---

[5] Yue argued below that the minute order incorrectly states that he was the one who stated "the case was in the Court of Appeal for about a year and may have until April 2023." In opposition to the motion to dismiss, Yue submitted a declaration stating that it was defense counsel, and not Yue, who stated that the five-year deadline ran in April 2023. The record does not include a motion to correct the minutes, and although the trial court's order mentions Yue's argument that the minutes contain a clerical error, it does not rule on that issue. Yue's argument on appeal that the statutory deadline was extended by oral stipulation in open court does not rely on the alleged clerical error as to whether plaintiff or defendant suggested the statutory deadline may be April 2023. As discussed *ante*, our decision is based on the oral stipulation entered into the minutes, which is undisputed. Whether Yue or defense counsel suggested that the five-year deadline "may [be] April 2023" does not impact our analysis of whether the parties orally stipulated to continue the trial date to a date beyond the statutory deadline.

[6] The trial court's order states that the motion to dismiss was brought by Trigmax, Liu, and Yeyeclub.com. Yue argues that Yeyeclub.com never filed a motion to dismiss and that the dismissal was without notice and erroneous. The respondents' brief includes the heading "The Dismissal of Yeyeclub" but does not directly address whether the motion to dismiss was filed on behalf of Yeyeclub.com, as well as Trigmax and Liu. The record is unclear and inconsistent as to whether Yeyeclub.com moved for dismissal

## DISPOSITION

The trial court's April 3, 2023, amended order granting defendants Trigmax Solutions, LLC, Muye Liu, and Yeyeclub.com's motion to dismiss for lack of prosecution is reversed.  Plaintiff shall recover his costs on appeal.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.

A167577/*Yue v. Trigmax Solutions, LLC*

---

based on the five-year rule, whether a default judgment was entered as to Yeyeclub.com, and whether the trial court's reference to Yeyeclub.com in its dismissal order was a clerical error.  We reverse the order in its entirety and leave it to the parties on remand to determine the status of Yeyeclub.com.

13